CAFFERATTA, Respondent, v. CAFFERATTA, Appellant.

1. Declarations or admissions made by a party to a suit are not conclusive as to the truth of the facts admitted.

*Appeal from St. Louis Circuit Court.*

This was a suit to recover compensation for services rendered by plaintiff as bar-keeper for defendant. The services of plaintiff as bar-keeper were admitted by defendant, but all indebtedness was denied, and it was alleged that these services were rendered under a special agreement and understanding that defendant was to pay for the clothes, board and lodging of plaintiff, and allow him reasonable pocket money for his services. Declarations made by plaintiff in conversation with third persons were introduced in evidence in proof of this understanding; and defendant asked the court to rule that these admissions were conclusive as to the terms upon which the services were rendered. This instruction among others, which it is unnecessary to set forth, was refused by the court.

*T. T. Gantt,* for appellant, cited Beeler v. Coonce, 9 Mo. 347; Hollister v. Johnson, 4 Wend. 639.

*Hart & Jecko,* cited Greer v. Mulliken, 5 Mo. 489.

LEONARD, Judge, delivered the opinion of the court.

The only question upon the trial of this cause was, whether the plaintiff's service as bar-keeper for the defendant was under the special agreement relied upon in the answer; or whether it was a general service for a reasonable compensation, as declared for by the plaintiff. Whether, if we had been sitting in the trial of the issue of fact, the evidence would have resulted with us as it did with the jury, is not a matter here for our consideration. If no error of law occurred in the progress of the trial, the verdict given by the jury and approved of by the court below must stand, although it may be that we would have found otherwise on the same evidence.

No set-off is pleaded, for we can not treat as such the loose general statements contained in the answer of money paid for the use or at the request of the plaintiff, and so no question could be made on the trial as to the defendant's right of recovery on account of these payments, and there was therefore no error in the instruction given at the plaintiff's request. The instruction asked by the defendant, in reference to the conversations of the plaintiff was improper. These admissions were competent evidence against the party and rightly received; but certainly they were not conclusive of the fact alleged to have been admitted. They were properly submitted to the jury, and it was their duty to give them their just weight in settling the question of fact involved in the cause.

The instructions given by the court, upon its own suggestion, presented the law of the case properly to the jury, and if the defendant has any ground of complaint, it is on account of the finding of the fact, and not for any misdirection of the judge. The judgment mnst be affirmed.