## Matthews v. Story.

Instructions to Jury.—*Assuming Facts as Admitted.*—Where the court, on the trial of a cause, gives to the jury trying such cause an instruction assuming, as admitted, facts which were not admitted either in the pleadings or in the evidence given on such trial, such instruction is erroneous.

Evidence.—*Testimony of Parties.*—*Effect of.*—*Admissions.*—The testimony given by the parties to an action, as witnesses on the trial thereof, is to be regarded as evidence, only, and not as an admission of facts.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellant.

*D. R. Eckels* and *R. W. Miers*, for appellee.

Biddle, J.—Suit before a justice of the peace. Appealed to the circuit court. Trial by jury; verdict for appellee. On a motion for a new trial, and exceptions, judgment was rendered against the appellant, who appeals to this court. The cause of action was for a balance due for hogs sold and delivered, by appellee, to appellant.

The court instructed the jury as follows:

" 2.    The defendant says he admits that he bought the hogs, but that he was [has] paid for the same.   In another place he says that the hogs were to weigh two hundred and twenty-five pounds and to be merchantable; that they did not so weigh and were not merchantable, and by reason thereof he was damaged.   It is admitted by the parties that, in this case, the hogs were bought and sold, and that if the plaintiff is entitled to three and one-half cents per pound for them, under the contract, that there is yet due plaintiff the sum of fifty dollars."

To this instruction the appellant properly reserved exceptions, and insists that it is erroneous because it assumes facts, particularly the last clause.   If the facts, as stated in the instruction, were admitted by the parties to go to the jury as facts proved there is no error in the instruction; if not so admitted, the instruction is erroneous.   It is very clear that a court has no power to state to a jury what facts are proved, nor to so state what facts are admitted by the parties, unless they are so admitted as facts to go to the jury as proof.   The appellant insists that no such facts were ever so admitted by the parties.   The appellee has not favored us with a brief, and we can not, therefore, know his views on the subject.   The evidence is all before us, and we can find no such admissions of facts, and no such admissions are made by the state of the pleadings.   We find no reference to such facts in the evidence, except as follows: the appellee, in his testimony given in the case, stated, " I delivered them," [the hogs,] " at the time agreed on when we traded; defendant paid me one hundred and twenty-five dollars on the contract, and afterwards paid me the balance, except fifty dollars, which he yet owes me.   The hogs weighed, at delivery, two hundred and twelve and one-half pounds.   Mathews paid me one hundred and twenty-five dollars, at Harrodsburgh, when we traded; afterwards paid me, by Thomas Mathews, in note on Urmey & Carmichael to the bank,

the balance, except fifty dollars. I accepted the note in payment as far as it went."

The appellant, in his testimony given in the case, made the following statement: "I paid him" [Story,] "one hundred and twenty-five dollars. Story never said to me that he would not take Urmey for the balance but looked to me for it. I told him my father would receive the hogs. I sent Urmey's note to him by my father, which he took. I do not remember the amount. It was balance due at three dollars and fifty cents per head" [hundred].

This testimony of the two parties would go to the jury as evidence tending to prove the facts therein stated, but not as facts admitted or to take the place of facts as proved, as the court in the instruction complained of stated. The testimony of parties to a suit must be regarded as evidence, not as facts admitted. It seems to us that the court committed an error in giving the instruction to the jury.

There are other questions reserved in the record and discussed by the appellant in his brief, but they all fall within the general question raised by overruling the motion for a new trial; and, as what we have decided disposes of that motion, we do not examine any other question.

The judgment is reversed, with costs, and cause remanded with instructions to sustain the motion for a new trial, and for further proceedings.