# SHEPERD v. ST. LOUIS TRANSIT COMPANY, Appellant.

### Division Two, June 6, 1905.

1. **NEGLIGENCE: Master and Servant: Knowledge of Servant: Obvious Defect.** In a suit by a street car conductor against the company for injuries received in stepping upon worn and broken steps, the court in one instruction for defendant told the jury that it was incumbent upon plaintiff to show by a preponderance of the evidence that he did not know of the broken or unsafe condition of the step, and that the alleged condition of the same was not open and obvious to the plaintiff in the exercise of reasonable care upon his part for his own safety or that of the passengers carried on the car. *Held,* error. Plaintiff may have known of the defect, yet unless it was so open and obviously dangerous that ordinary prudence would have dictated that he refuse to use it, his knowledge would not defeat his right of recovery. *Held,* also, it being conceded that under the evidence plaintiff knew of the defect, this error was not cured by the giving of another instruction which correctly declared the law on the point, and hence the court properly granted a new trial.

2. **PRACTICE: Correct and Incorrect Instructions: Cure.** Where the court gave two conflicting instructions on the same point, one of them correctly and the other incorrectly declaring the law, it cannot be said by which the jury was guided, and the proper practice is to grant a new trial.

3. **INSTRUCTIONS: Statements Against Interest: Absolutely True.** The instruction told the jury that any statements made by the plaintiff, either during the trial or elsewhere, that were against his interests, were to be taken and treated by them as absolutely true. *Held,* too strong, and not in harmony with the correct rules of law applicable to the subject. Statements against interest are presumably true, but the jury should not be told to consider them as absolutely or conclusively true.

Appeal from St. Louis City Circuit Court.—*Hon. Jno. A. Talty,* Judge.

AFFIRMED.

*Geo. W. Easley* with *Boyle, Priest* and *Lehmann* for appellant.

While the Missouri doctrine on the subject of whether knowledge of the defect on the part of the employee bars recovery is "extraordinarily conflicting," still we can see nothing in conflict with the Missouri rulings. The second instruction defined the exact issues made by the pleadings, instructed that the burden of proof was upon plaintiff, directed that no presumption of negligence should be made, and that the questions submitted were not to be determined by mere speculation, conjecture or guessing, but "if upon a full and fair consideration of all the facts and circumstances in evidences" the jury found "that plaintiff knew of its condition, or might if he had used ordinary care for his own protection or that of the passengers carried on said car," or "that defendant did not know of its condition and could not have known of it by the exercise of reasonable care," etc., then the verdict was to be for the defendant. The clause of the instruction as above analyzed is clearly within the general rules of the American law governing the relation of master and servant. 1 Labat's M. & S., sec 297. And if that clause of the instruction is not strictly in line with the "extraordinarily conflicting" decisions of the Missouri courts (1 Labat's M. & S., sec. 301), yet the fifth instruction, read in connection therewith, makes the whole charge of the court in harmony with the Missouri rule. That instruction expressly declares that the knowledge or means of knowledge by the exercise of care "will not in itself prevent plaintiff from recovering, unless you further believe and find from the evidence that said-alleged defective and unsafe step was so openly and obviously dangerous that a man of ordinary prudence would not have used it." These two instructions, when read, as they must be, in connection with each other, put before the jury the doctrine that

has been designated "glaring danger," first announced in this State in Conroy v. Iron Works, 62 Mo. 39, and followed by other cases since and often departed from in many other cases. 1 Labat's M. & S., sec. 301.

*Ernest E. Wood* for respondent.

(1) There is a direct conflict in the instructions given by the court. Where the instructions are conflicting and misleading, the judgment must be reversed. Flynn v. Union Bridge Co., 42 Mo. App. 536; Breen v. Land & Lumber Co., 65 Mo. App. 162; Welch v. Railroad, 20 Mo. App. 480. (2) Instruction 2 is erroneous. Jones v. St. Louis Packet Co., 43 Mo. 398; Conroy v. Vulcan Iron Works, 62 Mo. 35; Thorpe v. Railroad, 89 Mo. 650; Steinhauser v. Spraul, 114 Mo. 551; Bender v. Railroad, 137 Mo. 241; Pauck v. Dressed Beef Co., 159 Mo. 468. (3) Instruction 5 states the direct opposite of instruction 2. Though one may be correct, the error is not cured, since no one can say which governed the jury. Mansur-Tebbetts Imp. Co. v. Ritchie, 143 Mo. 613; Billups v. Daggs, 38 Mo. App. 369. (4) Instructions 2 and 3 are conflicting. Instruction 3 is erroneous on question of burden of proof of contributory negligence. (5) Instruction 4 is erroneous. Hitchcock v. Boughan, 36 Mo. App. 216; Cafferatta v. Cafferata, 23 Mo. 235; Slater v. Hollenschirt, 61 Mo. 302.

FOX, J.—This cause comes to this court by appeal from an order of the trial court sustaining a motion for new trial.

The cause of action is thus stated in the petition: "Plaintiff, for his cause of action against the defendant, says:

"That the said defendant is a corporation, by virtue of the laws of the State of Missouri, and that, at all times herein mentioned, said defendant was, and now is, engaged in operating certain lines of street cars

on the various streets and thoroughfares of the city of St. Louis, State of Missouri. That on the 15th day of January, 1902, this plaintiff was regularly in the employ of the said defendant corporation as a street car conductor.

"That, during the afternoon of the said 15th day of January, 1902, the defendant corporation, by its agents and servants, delivered to this plaintiff, for use in his said employment, a car owned by the said defendant corporation; that one of the steps on said car was worn with use and was in a broken and unsafe condition, and that the condition of said step was known to the defendant corporation, or by reasonable inspection could have been known to it. That on said last-named day, during the course of a run made by the plaintiff with the said defective car, this plaintiff had occasion, in pursuance of his duties in said employment, at or near the corner of Prairie avenue and Herbert street, to step from the ground on to the said defective step; that thereupon the said defective step gave way with him, throwing this plaintiff violently to the ground, and causing the wheels of the car to run over his left hand, crushing it and rendering it useless to the plaintiff, to his damage in the sum of seven thousand dollars.

"That the said car furnished to this plaintiff by the said defendant corporation was in a dangerous and unsafe condition on account of the negligence of said corporation, its agents and servants, as above set forth, and that on account of the said negligence of the defendant corporation, and not through or on account of any negligence on his part this plaintiff sustained the aforesaid injury.

"Wherefore, plaintiff prays judgment against the defendant corporation in the sum of seven thousand dollars and his costs."

The answer was a general denial and plea of contributory negligence. As this is an appeal from an

order sustaining the motion for new trial, and the record discloses that the action of the court is predicated solely upon the ground that the instructions were erroneous, we see no reason for burdening this opinion with a statement of the evidence, and it is sufficient for the purpose of disposing of the legal propositions involved, to say that there was testimony by both parties tending to establish the issue presented in the pleadings.

At the close of the evidence the court instructed the jury as follows:

"1. The jurors are instructed that if you believe and find from the evidence in this case that on or about the 15th day of January, 1902, the defendant was a corporation, engaged in operating street cars over street railway tracks in the city of St. Louis, and that on or about said date the plaintiff was in defendant's employ as a street car conductor; and if you further believe and find from the evidence that while in the course of his said employment, and while at or near the corner of Prairie avenue and Herbert street in said city, on or about said date, the plaintiff attempted to board the street car he was operating and working upon as such conductor; and if you further believe and find from the evidence that one of the steps on said car was worn with use and broken and in an unsafe condition, and that in attempting to mount said car plaintiff stepped upon said step and that by reason of its broken and worn and unsafe condition, if you find from the evidence it was in a broken and worn and unsafe condition, plaintiff was thrown to the ground and thereby received the injuries sued for; and if you further believe and find from the evidence that the defendant knew, or by the exercise of reasonable care and inspection, might have known, a sufficient length of time before the accident to have repaired the same or prevented the accident, of the said condition of said step (if you believe from the evidence it was in said condition at

said time), and if you further believe and find from the evidence that plaintiff at the time was exercising reasonable care and was not guilty of any negligence directly contributing to his said injuries, then you will find a verdict for the plaintiff and assess his damages at such sum as you believe and find from the evidence will be a fair and reasonable compensation to him for his said injuries, and in estimating his damages, you may take into consideration the physical suffering and mental anguish, if any, he has endured as a direct result of said injuries, but in no event should your verdict be for more than seven thousand dollars, that being the amount sued for.

"2. Before the plaintiff can recover in this action he must show by a preponderance of the evidence each of the following facts:

"1st. That the defendant furnished to plaintiff a car, the step of which was broken, worn with use, and in an unsafe condition.

"2nd. That the defendant knew, or by the exercise of reasonable care could have known, that the step of said car was broken, worn with use, and in an unsafe condition, and that the plaintiff did not know of the broken and unsafe condition of said step, and that the alleged condition of the same was not open and obvious to the plaintiff, in the exercise of reasonable care upon his part for his own safety or that of the passengers carried on said car while he was conducting the same.

"3rd. That while stepping from the ground onto the step, the step gave way with plaintiff, throwing plaintiff to the ground and causing the car to run over his hand and injuring him.

"The burden of proving each of these facts by the preponderance or greater weight of the evidence rests upon the plaintiff throughout the whole case, and the jury are not to make any presumptions of negligence against the defendant, nor are they to determine any one of these questions by mere speculation, conjecture

or guessing as to whether the step was out of order or the knowledge of either party in regard thereto, or as to whether the step gave way, or whether such giving way, if you find it did give way, was the cause of the plaintiff's alleged injuries. These questions are to be determined by the jury solely from the evidence in the case, and if, upon a full and fair consideration of all the facts and circumstances in evidence, you find either that the step was not broken and in an unsafe condition, or that plaintiff knew of its condition, or might, if he had used ordinary care for his own protection or that of the passengers carried on said car, have known of it, or that the defendant did not know of its condition and could not have known of it by the exercise of reasonable care, or that the step did not give way, causing plaintiff to be thrown under the car, or if the jury find from the evidence that the plaintiff's injury resulted from any other cause than the giving away of the step, then the jury must find for the defendant.

"3. While the burden of proof is upon the defendant to prove the contributory negligence alleged, yet this does not relieve the plaintiff from proving by the preponderance or greater weight of the evidence that his alleged injuries were solely caused by the dangerous condition of the step. That burden remains upon the plaintiff throughout the entire case, and if the jury find from the evidence that the alleged injuries of the plaintiff were caused, either in whole or in part, by his negligently stepping or falling from the step while the car was in motion, then the verdict of the jury must be for the defendant.

"4. In weighing the evidence and determining the credibility of the witnesses, and each of them, you should look to the manner and demeanor of each witness in testifying; to the readiness and willingness or tardiness and unwillingness, if any, in answering upon the one side or the other; to the interest or want of interest, if any, upon the one side or the other; to

whether the witnesses, or any of them, have any bias or feeling, or not; to the witness's means of knowledge or an opportunity for knowing the facts he testifies to and professes to know and understand; to the reasonableness or unreasonableness and the probability or improbability of the circumstances related by the witness, when considered in connection with all the facts and circumstances in evidence before you. And having thus carefully considered all these matters, the jury must fix the weight and value of the testimony of each and every witness, and the evidence as a whole, and are not compelled to accept as true any statement made by any witness, unless the jury find such statement to be true after considering the same in connection with all the facts and circumstances in evidence before you, except as to any statements made by the plaintiff, either during the trial or elsewhere, which were against his interest, and as to such statements, if any, you are to take and treat them as absolutely true; but statements made by plaintiff in his own interest are to be weighed just as any other evidence in the cause.

"5. The jurors are instructed that the fact, if you believe and find from the evidence in this case that it is a fact, that the plaintiff used the car and step in question after he knew or might have known by the exercise of ordinary care that said step was in a defective condition and unsafe condition, will not in itself prevent plaintiff from recovering, unless you further believe and find from the evidence that said alleged defective and unsafe step was so openly and obviously dangerous that a man of ordinary and common prudence would not have used it.

"6. What constitutes 'ordinary care' as mentioned in these instructions depends on the facts of each particular case. It is such care as a person of ordinary prudence would exercise, according to the usual and general experience of mankind in the same situa-

tion and circumstances as those of the person or persons in this case with reference to whom the term 'ordinary care' is used in these instructions. The omission of such care is negligence in the sense in which that word is used in these instructions.

"7. By mentioning the 'burden of proof' and 'preponderance of evidence' the court intends no reference to the number of witnesses testifying concerning any fact, or upon any issue in the case, but simply by way of briefly expressing the rule of law, which is that, unless the evidence (as to such issue) appears in your judgment to preponderate, in respect to its credibility, in favor of the party to this action on whom the burden of proof (as to such issue) rests, then you should find against such party, on said issue.

"8. The court instructs the jury that if three-fourths of their number concur in a result the jury may return that result as the verdict of the jury, in which event all of the jurors who agree to it shall sign the verdict. If, however, the entire twelve jurors concur in a verdict, the foreman alone may sign it."

The cause was submitted to the jury upon these instructions and they returned a verdict for defendant.

In proper time and due form plaintiff filed a motion for new trial, assigning numerous grounds therefor, among which are embraced complaint at the giving and refusing of instructions and that the instructions given were inconsistent and misleading. On December 17, 1902, the court sustained the motion for new trial, upon the ground, as disclosed by the record, that erroneous instructions were given. From this order the defendant in due time and form prosecuted its appeal to this court and the record is now before us for consideration.

### OPINION.

This appeal is from the action of the trial court in sustaining plaintiff's motion for a new trial. The re-

cord discloses that the action of the court was based upon the ground of erroneous instructions given to the jury; hence the only question presented by this record for our consideration is the correctness of the instructions given.

Learned counsel for appellant insist that the Missouri doctrine on the subject of whether knowledge of the defect on the part of the employee bars recovery is "extraordinarily conflicting." We shall not stop to undertake to reconcile any seeming conflict upon this doctrine complained of by appellant, but must be content with simply saying, that in view of the very recent announcement of the rules of law applicable to cases of this character, there can be no doubt as to the position of this court upon the doctrine referred to by counsel. MARSHALL, J., in Holmes v. Brandenbaugh, 172 Mo. l. c. 65, thus states the law as applicable to this cause: " 'It is also the law, not only in this State but almost universally, that if the master fails in his duty to his servant to furnish safe appliances, and if the servant knows, or by the exercise of ordinary care could know, that the appliances furnished are not altogether or reasonably safe the servant is not obliged to refuse to use the appliances or quit the service of the master if he reasonably believes that by the exercise of proper care and caution he can safely use the appliances notwithstanding they are not so reasonably safe, and if he does use them and exercises such care and caution and is injured, the servant does not waive his right to compensation for injuries received in consequence, nor is he guilty of contributory negligence. But if the appliance is obviously so dangerous that it cannot be safely used even with care or caution, or, as it is sometimes said, if the danger of using it is patent, or such as to threaten immediate injury, then the servant is guilty of contributory negligence if he uses it, and the master is not liable, nothwithstanding his prior failure of duty. [Huhn v. Railroad, 92 Mo. 447; Soeder v. Railroad,

100 Mo. l. c. 681; Holloran v. Iron Co., 133 Mo. l. c. 476.]' "

The principles announced as above quoted from the case cited are fully supported in a long line of cases in this State, beginning with the case of Conroy v. Iron Works, 62 Mo. 35; see Waldhier v. Railroad, 87 Mo. 37; Thorpe v. Railroad, 89 Mo. 650; Steinhauser v. Spraul, 114 Mo. 551; Bender v. Railroad, 137 Mo. 240; Pauck v. Beef & Prov. Co., 159 Mo. 467.

The instructions in this case must be measured by the rules as announced in these cases, and the fair and reasonable application of the principles as announced, to the declarations of law now under discussion, must furnish the basis for the solution of the only legal proposition involved in this cause.

Instruction numbered 2, given by the court at the request of the defendant, told the jury that to entitle plaintiff to recover it was incumbent upon him to show by a preponderance of the evidence *that he did not know of the broken and unsafe condition* of said step, and that the alleged condition of the same was not open and obvious to the plaintiff in the exercise of reasonable care upon his part for his own safety or that of the passengers carried on said car while he was conducting the same. If the rule announced in the cases herein referred to are to be longer followed, then the conclusion is irresistible that this part of the direction to the jury was erroneous. Under the law plaintiff may have known of the defect, yet unless it was so open and obviously dangerous that ordinary prudence would have dictated that he refuse to use it, it would not defeat his right of recovery. Counsel for appellant, with commendable frankness, practically concede that this instruction, in the particulars mentioned, standing alone, is not in harmony with the Missouri doctrine; but insist that instruction numbered 5, given by the court, cures the error, and that when both instructions

are considered together, the law was correctly declared upon the subject.

We are unable to give our assent to the contention of appellant that instruction numbered 5 cured the misdirection to the jury by instruction numbered 2. In the first place, under the evidence in this cause, it was conceded that plaintiff knew of the defective condition of the step, and the objectionable part of instruction numbered 2, was simply calculated to mislead the jury by telling them that unless it was shown by the evidence that plaintiff did not know of the defect in the step he could not recover. Instructions numbered 2 and 5 are separate and independent declarations of law, and are directly in conflict—one of them declaring the law correctly, the other erroneously—and we are unable to say by which one the jury were guided. This instruction constituted such error as warranted the court in granting a new trial. [Mansur-Tebbetts Imp. Co. v. Ritchie, 143 Mo. l. c. 612.]

In our opinion, the terms employed in instruction numbered 4, as to statements by plaintiff against his interest, are too strong and not in harmony with the correct and proper rules of law applicable to that subject. In this instruction the jury were told that any statements made by the plaintiff, either during the trial or elsewhere, which were against his interests, were to be taken and treated by them as "absolutely true." While statements made by a party against his interests are presumably true, our attention has not been directed to any case where the court has sanctioned an instruction which goes to the extent of telling the jury that they must treat such statements as absolutely true. The true rule is clearly indicated in Cafferatta v. Cafferatta, 23 Mo. 235. In discussing an instruction upon the subject of admissions, it was said in that case: "These admissions were competent evidence against the party and rightly received; but certainly they were not conclusive of the fact alleged to have

been admitted. They were properly submitted to the jury, and it was their duty to give them just weight in settling the question of fact involved in the cause.'' There is a very narrow distinction between a declaration of law which declares that an admission against interest is conclusive of the fact admitted, and one which says a statement against interest shall be treated absolutely as true. The inquiry should always be directed to the truth of the fact in dispute, and not as to whether a party to the suit made a statement regarding a fact against his interest. While statements against interest as to any particular fact are always admissible and tend strongly to establish the fact to which the statement referred; yet it falls far short of furnishing conclusive evidence of the fact, concerning which the statement is made, and a jury should not be directed in such strong terms to treat such statements as absolutely true.

We have pointed out the most serious objections to the instructions given in this cause, at least those that are most apparently erroneous, and we deem it unnecessary to further discuss the complaints urged against them by the respondent.

The court granted a new trial for the reason that the instructions were erroneous. We have indicated sufficient error to justify the correctness of its action, and as the case is to be retried, we indulge the presumption that the instructions will, upon such trial, in every particular be in harmony with the uniform announcement of the rules of law applicable to cases of this character.

The action of the trial court in granting a new trial in this cause was proper, and should be affirmed and it is so ordered.

All concur.