ABNER MEYERS, Respondent, v. CHICAGO, BUR-
LINGTON & QUINCY RAILWAY COMPANY,
Appellant.

**Kansas City Court of Appeals, May 5, 1913.**

1. **NEGLIGENCE: Pleading: Specific Allegations.** A plaintiff,
who specifies in his petition the precise manner of his injury,
will be held to his specifications and will not be allowed to re-
cover on any different state of facts.

2. ————: **Pleading: Evidence: Variance.** Where a petition
alleges the ditch or excavation where the accident occurred to
be square across a passageway or footpath, and the evidence of
plaintiff, introduced without objection, showed that the ditch
was to one side in dangerous proximity to pedestrians using
the passageway at night, there is no variance between the alle-
gation and proof.

3. ————: **Invitee: Duty of Railroad.** One who goes upon the
property of a railroad to transact business with the company,
is an invitee and the company owes him the duty of reasonable
care to keep the way free from snares and pitfalls, that might
entrap the unwary traveler.

4. **INSTRUCTIONS: Witnesses: Comment Upon Testimony.** An
instruction, which singles out plaintiff and comments upon
his testimony is erroneous and has been repeatedly condemned
by the Supreme Court.

Appeal from Platte Circuit Court.—*Hon. A. D. Burns,*
Judge.

AFFIRMED.

*O. M. Spencer, H. B. Pyle* and *Guy B. Park* for
appellant.

(1) Under the pleadings and undisputed evidence
the verdict was for the right party, and, whether the
instructions were right or wrong, the verdict for de-
fendant should stand. Mockowik v. Railroad, 196 Mo.
568; Carr v. Railroad, 195 Mo. 224; Markowitz v. Rail-
road, 186 Mo. 360; Harmuth v. Railroad, 129 Mo. 642;

Vogg v. Railroad, 138 Mo. 180; Bartley v. Railroad, 148 Mo. 142; Fox v. Windes, 127 Mo. 514; Fitzerald v. Barker, 96 Mo. 666; Orth v. Dorschlein, 32 Mo. 366. (2) And where under the pleadings and undisputed evidence, the verdict is for right party, the court should not grant a new trial for errors in instructions. Markowitz v. Railroad, 186 Mo. 360; Hormuth v. Railroad, 129 Mo. 642; Kelly v. Railroad, 88 Mo. 534; Orth v. Dorschlein, 32 Mo. 366. (3) Where plaintiff alleges a specific act of negligence, only, he can recover on no other. Broadwater v. Railroad, 212 Mo. 437; Kirkpatrick v. Street Railway, 211 Mo. 68; Todd v. Railroad, 126 Mo. App. 684; Grisamore v. Railroad, 118 Mo. App. 387; Hufft v. Railroad, 222 Mo. 286.

*Francis M. Wilson* and *A. D. Gresham* for respondent.

No brief.

JOHNSON, J.—Plaintiff sued to recover damages for personal injuries he alleges were caused by negligence of defendant. The answer is a general denial. The jury returned a verdict for defendant but the court set it aside and granted a new trial on the ground of error in instructions numbered 1 and 2 given at the request of defendant. From this order defendant appealed and argues, first, that the instructions were not erroneous and, second, that regardless of the point on which the new trial was granted the judgment should be reversed and the cause remanded with directions to enter judgment for defendant for the reason that plaintiff failed to make a case to go to the jury and the court in refusing defendant's request for a peremptory instruction.

The injury of plaintiff occurred after dark in the evening of January 26, 1908, at a place in the town of Waldron near defendant's tracks which run past

the town in a northerly and southerly direction. According to the evidence of plaintiff he was going to the express office maintained in defendant's station to inquire about an express package for his mother and was walking on a graveled path defendant had laid adjoining and parallel to the east track for the use of those who had business to transact at the station, when he took a step or two aside to avoid a passing train and fell in an unguarded hole defendant had allowed to remain on the east side of the pathway.

There was a switch stand at the place where plaintiff stepped aside and this stand was about four feet from the track and was on the east side of the graveled pathway. Plaintiff, thinking it too dangerous to pass between the moving train and the switch stand proceeded to pass around the outside of the obstruction, not knowing of the presence of the hole and not being able to see it on account of darkness. Defendant had built a new depot about 250 feet south of the old one and the point where plaintiff fell was in the space between the two buildings. There is a serious conflict over the question of whether plaintiff was at a place where he could be considered as the invitee of defendant or was where he could not be regarded in any other light than as a trespasser. His evidence tends to show that the office of defendant and the express office had been removed to the new depot and the graveled pathway had been opened to public use, while the evidence of defendant is to the effect that the offices still remained in the old depot and that no invitation express or implied had been extended to the patrons of defendant or of the express company to traverse the way between the two places. Indeed the evidence of defendant shows that the passageway had not been constructed at the time of the injury.

Among the points urged by counsel for defendant in their argument on the demurrer to the evidence is one to the effect that the evidence of plaintiff fails to

support the specific act of negligence pleaded in the petition. The allegation is that "defendant caused a ditch or excavation to be made square across said passageway or footpath" while the evidence of plaintiff shows that the ditch did not cross the pathway but was to one side in dangerous proximity to pedestrians using the passageway at night. The rule is well settled that a plaintiff who specifies in his petition the precise manner of his injury, will be held to his specifications and will not be allowed to recover on any different state of facts. This is on the ground that a defendant should not be brought into court to answer a specific charge of negligence and then be compelled to meet another and different charge at the trial. Defendant interposed no objection to the proof offered by plaintiff relating to the location of the hole, but accepted the issue tendered by his evidence as one comprehended within the specifications of the petition. We express no opinion on the subject of whether such conduct would relieve plaintiff from the burden of proving his pleaded cause, but we do hold that it calls for the most liberal interpretation of the petition that reasonably may be applied in aid of the cause of action. Reading the allegation we have quoted in connection with all of the facts stated in the petition and applying the friendly rule of construction by which we should be guided, we are brought to the conclusion that the real gist of the pleaded cause is the negligence of defendant in allowing a dangerous obstruction to remain in the course travelers might pursue while in the exercise of reasonable care and within the apparent scope of defendant's invitation. Defendant should have anticipated that invitees using the pathway at night would go around the switch stand to avoid passing between it and moving trains and should have put that way in a reasonably safe condition for their use. Broadly speaking the hole was in and across the path —the only apparently safe path—the invitation of de-

fendant offered to plaintiff, and we hold there is no fatal variance between allegation and proof.

Further it is argued that since the verdict was clearly for the right party it should stand, whether the instructions were right or wrong. This point is answered with the observation that it is based on defendant's view of the facts which is opposed by substantial evidence adduced by plaintiff. If, as that evidence tends to show, the express office had been removed to the new building and plaintiff in going there to transact business with the company was using a passageway over defendant's property which it had prepared for the use of those who had business at the station, he was an invitee and defendant owed him the duty of reasonable care to keep the way free from snares and pitfalls that might entrap the unwary traveler. His evidence shows a clear breach of that duty and was sufficient to take the case to the jury. Consequently we cannot say as a matter of law that the verdict clearly was for the right party. The demurrer to the evidence was properly overruled.

Counsel for plaintiff have not favored us with a brief and we do not know the ground on which the trial court held defendant's instruction numbered "1" to be erroneous. In substance, it directs a verdict for defendant on the finding by the jury that the new depot had not been opened for business, that the pathway to that building had not been opened to public use and that the business of defendant and of the express company was being transacted at the old depot. The evidence of defendant tended to show that such were the facts existing at the time of the injury and on this hypothesis plaintiff could not recover, since he was a trespasser on the property of defendant and not an invitee or licensee.

The courts make a distinction between a person who comes upon the premises of a railroad company on its invitation or for some purpose connected with

its business and one who uses the premises for his own convenience or pleasure. As to the first class of persons the company owes them the duty of reasonable care to protect them from injury while as to the latter, there is no such duty and the company owes such persons no higher duty than that of refraining from wantonly or wilfully injuring them. "A bare licensee (or trespasser) barring wantonness or some form of intentional wrong or active negligence by the owner or occupier, takes the premises as he finds them." [Glaser v. Rothschild, 221 Mo. 180. See also Ward v. Kellogg, 164 Mo. App. 81; Hufft v. Railroad, 222 Mo. 300, and cases cited.]

We find no error in the instruction under consideration.

The second instruction given at the instance of defendant is as follows: "The court instructs the jury that plaintiff was a witness in his own behalf; the jury are the sole judges of his credibility; all statements made by him, if any which are against his own interest must be taken as true; but his statements in his own favor are only to be given such credit as the jury under all the facts and circumstances in evidence deem them entitled to."

This instruction has been repeatedly condemned by the Supreme Court. [Zander v. Transit Co., 206 Mo. l. c. 461; Conner v. Railroad, 181 Mo. 397; Montgomery v. Railroad, 181 Mo. 477; Ephland v. Railroad, 137 Mo. l. c. 198; Huff v. Railway, 213 Mo. l. c. 515.] It is said in the case last cited: "Clearly this instruction is erroneous for two reasons: first, because it singles out plaintiff and comments upon her testimony; and, second, because it erroneously declares the law. Under this instruction if plaintiff through ignorance or mistake made a statement against her interest, the jury was bound under their oaths to take it as *absolutely true* whether it was in point of fact true or not. We know of no means by which a party litigant

can be made to understand things any better while testifying upon the witness stand than he does while acting off of the witness stand; nor by which he can, be prevented from making mistakes under oath the same as he does when he is not under oath.

"We have many times condemned that form of instruction, and it should never be given."

In the Zander case the court say that such instructions "are not to be tolerated." And in the case of Quinn v. Railway, 218 Mo. l. c. 556, that "it will not do to say that the giving of such an instruction does not work prejudice."

The error was prejudicial and justified the ruling of the court in setting aside the verdict and granting a new trial.

The judgment is affirmed. All concur.