Submitted on briefs September 25, affirmed December 18, 1928.

HELEN McNAB *v.* ELSA O'FLYNN.

(272 Pac. 670.)

For appellant there was a brief and oral argument by *Mr. E. L. McDougal.*

For respondent there was a brief and oral argument by *Mr. B. A. Green.*

COSHOW, J. The driver of defendant's car, who is the minor daughter of defendant, having ad-

mitted that she was driving defendant's Cadillac at the rate of thirty miles an hour, convicts defendant of negligence. The law is well established in this state that the wilful violation of a statute is negligence: *Noble* v. *Sears*, 122 Or. 162, 165 (257 Pac. 809); *Sontoro* v. *Brooks*, 121 Or. 424, 430 (254 Pac. 1019); *Ross* v. *Willamette Valley Transfer Co.*, 119 Or. 395, 397, 398 (248 Pac. 1088).

■ The accident itself demonstrates that defendant was guilty of negligence in another particular, namely, in failing to give the right of way. Defendant's auto was approaching the intersection from plaintiff's left. Plaintiff therefore had the right of way. That the two cars were approaching that intersection simultaneously is demonstrated by the collision. It follows, therefore, that the only issue at stake was the question whether or not plaintiff was guilty of contributory negligence which contributed to her own injury.

■ Defendant claims that her case was prejudiced because the court did not give the following requested instructions:

"(1) In crossing an intersection of highways * * the driver of a vehicle shall at all times cause such vehicle to travel on the right hand of the highway, unless such right hand is obstructed or impassable.

"(2) It shall be lawful for the driver of a vehicle to drive the same at a speed not exceeding fifteen miles an hour when passing a school during school recess or while children are going to or leaving school during open or closing hours.

"(3) Fifteen miles an hour when approaching within fifty feet and in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last fifty feet of his approach to such intersection, he does not have a clear and

uninterrupted view of such intersection and of the traffic upon all of the highways entering such intersection for a distance of two hundred feet from said intersection.

"(4) Every motor vehicle when operated upon a highway shall be equipped with a horn in good working order, capable of emitting a sound audible under normal conditions for a distance of not less than two hundred feet, and it shall be unlawful, except as otherwise provided in this section, for any vehicle to be equipped with or for any person to use upon a vehicle any siren, compression or spark plug, whistle, or for any able warning, or to make any unnecessary or unreasonable loud or harsh sound by means of a horn or other warning device.

"(5) I instruct you that the provisions of the State Motor Vehicle Act which I have just read to you are binding and apply to operators of the defendant's automobile and operators of the plaintiff's automobile, and any violation of any of the provisions of the State Motor Vehicle Act is of itself negligence, and you are to consider this State Motor Vehicle Act in conjunction with the definition of negligence which I have already given to you in passing upon the rights of the plaintiff and defendant in this action."

Requested instructions Nos. (2) and (4) were not pertinent to the issues. The pleadings do not disclose that the cars were passing a school at the time of the collision. The pleadings do not allege the absence of proper horns on the two cars involved. The allegations in both the complaint and the answer are that the horns were not sounded. Requested instruction No (5) was given in substance. The only debatable questions in the appeal are, should the court have given requested instructions Nos. (1) and (3) and was it error to give the instruction hereinafter mentioned.

██ We can conceive of no reason why the court should not have given requested instruction No. (1); neither can we see any prejudice resulting from the failure to give it. Neither from the pleadings nor the evidence have we discovered any necessity for directing especial attention to the law as stated in said requested instruction No. (1). It would have been harmless to have given it. We do not believe it would have aided the jury any to have given it.

Requested instruction No. (3) correctly states the law; in fact all the requested instructions except No. (5) are in the language of the statute: Gen. Laws 1927, Chap. 217, § 2, subds. 10, 16 (2), (3), 20 (d). It is probable the learned judge presiding deemed it inapplicable. There was evidence that plaintiff was exceeding a speed of fifteen miles per hour. Her testimony was to the effect that she did not exceed a speed of fifteen miles per hour, and when approaching the intersection slowed down from that rate of speed. The pleadings do not join issue on the matter treated in said requested instruction No. (3). The evidence as to obstruction to the vision within fifty feet of the intersection is inferential only. Doubtless the jury considered carefully the testimony regarding the rate of speed plaintiff was driving her car. The court did instruct the jury to the effect that if plaintiff was guilty of negligence to any degree and her negligence contributed to her own injury she could not recover. The court read as his instruction the law to the effect that twenty miles per hour was the limit of speed within incorporated cities. There is only the merest possibility· of the jury having been misled by the court's failure to give said requested instruction No. (3). We are admonished not to reverse or modify for errors committed

in the Circuit Court unless such errors substantially affected the rights of the appellant: Or. L., § 556. We think said requested instruction No. (3) correctly states the law. The word "highway" is defined in the law as being any public avenue, road or street: Gen. Laws 1921, 707, Chap. 371, § 1, subd. 1. That law is applicable to cities as well as rural portions of the state. No distinction is made within the subdivision itself and the statute having defined the sense in which the word "highway" is used cannot be limited by construction to rural or state highways. The error, if any, was harmless.

■ Defendant also complains because the court gave the following instruction:

"Formerly the Act provided a different speed at intersections within cities, but under the law that you are dealing with the limit is twenty miles inside of cities of this state."

No prejudice was done defendant by that instruction. The statute regulating speed of automobiles has recently been amended. The instruction was given to prevent any misunderstanding on the part of the jury who may have known the former statute, and did not know of the amendments. It could not have prejudiced defendant.

We find no reversible errors. The judgment is affirmed.                                    AFFIRMED.