Argued October 8; affirmed November 24, 1931; rehearing denied
January 12, 1932

# COX *v.* JONES
(5 P. (2d) 102)

328

*John S. Coke,* of Portland (Griffith, Peck & Coke, of Portland, on the brief), for appellant.

*Allan A. Bynon,* of Portland (Emmons, Lusk & Bynon, of Portland, on the brief), for respondent.

KELLY, J. The action of the trial court in overruling defendant's motion for nonsuit and directed verdict, the refusal of the trial court to give defendant's requested instruction number six, and the giving of the instructions set out, as having been given, comprise the five alleged errors assigned in defendant's brief as the basis of this appeal.

■■ In support of defendant's claim that the trial court erred in the respects above indicated, defendant urges that plaintiff herself admitted that she saw the defendant's truck approaching, and observed the speed at which it approached and the proximity of defendant's truck to the intersection; and that the testimony in behalf of plaintiff discloses that plaintiff was operating her automobile at a speed in excess of 15 miles an hour.

■ While as outlined in the foregoing statement of facts, there is testimony tending to establish both the alleged admission and the alleged excessive speed on plaintiff's part, in the light of other portions of the record, this testimony is not conclusive upon plaintiff.

The principle here announced has been recognized in the following cases: *Mathis v. Tutweiler*, 295 Fed. 661; *Wiley v. Rutland R. Co.*, 86 Vt. 504 (86 Atl. 808); *Culberson v. The Chicago, M. & St. P. Ry. Co.*, 50 Mo. App. 556; *Ephland v. The Missouri Pac. Ry. Co.*, 57 Mo. App. 147, 162; *Rowe v. United Rys. Co.*, 211 Mo. App. 526 (247 S. W. 443); *Houston v. Chicago, etc., R. Co.*, 118 Mo. App. 464 (94 S. W. 560); *Meyers v. Chicago, B. & Q. Ry. Co.*, 171 Mo. App. 283 (157 S. W. 362); *Thorpe v. The Missouri Pacific Railway Co.*, 89 Mo. 650 (2 S. W. 3, 58 Am. Rep. 120); *Sheperd v. St. Louis Transit Co.*, 189 Mo. 362 (87 S. W. 1007).

In the case of *Mathis v. Tutweiler*, supra, one of the questions was whether the plaintiff stepped forward from a place of safety into danger when it was too late for defendant to avoid hitting her. The plaintiff testified that to get out of the way of the automobile she stepped forward just before she was struck. Judge Denison, speaking for the United States Circuit Court of Appeals for the Sixth District, says:

"It was the theory of the defendant, approved by the trial court, that there was no evidence of negligence on the part of the motorman, because Mrs. Mathis was standing in a safe place and only stepped forward into danger when it was too late for him to avoid hitting her. If the above-stated testimony of Mrs. Mathis were all that appeared, this result would seem inevitable; but it is not all. A party plaintiff in such a case is not necessarily absolutely bound by a statement in the nature of an admission, made on cross-examination, which is inconsistent with the direct testimony, or with other facts and circumstances."

The case of *Wiley v. Rutland R. Co.*, supra, was one wherein the plaintiff instituted an action for damages on account of personal injury sustained by being hit by defendant's freight train while plaintiff was crossing the railroad tracks of defendant. In this case, the Supreme Court of Vermont, speaking through Mr. Justice Watson, say::

"It is said that the plaintiff, as a witness, testified that the only time she looked up the track and saw the freight train was when she was some distance easterly of the point opposite the stone steps—within a few steps of the platform—and consequently notwithstanding other evidence introduced by her tended to show her looking at that train when she was almost opposite the stone steps, her own testimony in this respect, being as to a matter within her own knowledge, was in the nature of a judicial admission and therefore, as against her in this case, of conclusive effect. But this is overlooking the distinctive characteristics of judicial admissions made by a party, or his attorney, in court, on the trial of a cause. Such admissions are formal acts done for the purpose of dispensing with the production of evidence by the opposing party of some fact claimed by the latter to be true, and are of conclusive effect, unless relieved against in the discretion of the court. [Citing authorities.] The statement here claimed by the defendant to be conclusive against the plaintiff, constituted a part of her testimony as a witness on the trial of the cause. Considered as a statement against her interest, it was not an admission, distinct and formal in character, nor was it made for the purpose of dispensing with the formal proof of any fact at the trial. It was not therefore in the nature of a judicial admission, having conclusive effect in law. It has been held by this Court that admissions made by a party in giving testimony as a witness on the trial of a cause, are not controlling against him, as a matter of law, when shown by the opposing party on a subsequent trial of the same cause. *LaFlam v. Missisquoi Pulp Co.*, 74 Vt. 125, 52 Atl. 526. Neither

are they, being informal, conclusive in law on the trial at which the party gives the testimony. *Matthews v. Story,* 54 Ind. 417; *Shepard v. St. Louis Transit Co.,* 189 Mo. 362, 87 S. W. 1007; *Zander v. Transit Co.,* 206 Mo. 445, 103 S. W. 1006; Wigmore on Ev., § 2594; Chamberlayne on Ev., §§ 1263, 1264.''

Defendant cites the case of *McNab v. O'Flynn,* 127 Or. 490 (272 P. 670), in support of his requested instruction number six. In that case the driver of defendant's car testified unequivocally both on direct examination and upon cross-examination that she was operating defendant's car at a speed of 30 miles an hour. Nowhere in the record was this testimony controverted. It was corroborated by the testimony of other witnesses. The court could not do otherwise than treat the fact as established.

■ The question of the propriety or impropriety of substituting an instruction similar to defendant's requested instruction number six herein for the instruction which was actually given was not before this court in the McNab-O'Flynn case. In that case, as in the case at bar, the trial court instructed the jury to the effect that the provision of the Motor Vehicle Act concerning the right of precedence at a crossing has no proper application except where the travelers or vehicles on the intersecting highways approach the crossing so nearly at the same time, and at such rates of speed that if both proceed each without regard to the other, a collision or interference between them is to be reasonably apprehended. In such a case, it is the right of the one having the precedence to continue his course and it is the duty of the other to yield him the right of way; but if a traveler, not having such right of way, comes to the crossing and finds no one approaching it upon the other highway within such

distance as to reasonably indicate danger of interference or collision, he is under no obligation to stop or to wait, but may proceed to use such crossing as a matter of right.

■ There are but three sentences in defendant's requested instruction number six. The first states the fact that plaintiff's automobile was approaching the intersection from defendant's left, and as a matter of law seeks to make conclusive the inference therefrom that defendant had the right of way. The second consists of a repetition of a statement made by this court in the McNab-O'Flynn case to the effect that the fact that the two cars were approaching the intersection simultaneously is demonstrated by the collision. The third sentence states that plaintiff was guilty of negligence in failing to give the right of way. The vice of the first sentence lies in the omission therefrom of the element of reasonable apprehension of the collision on plaintiff's part. If the appearance of the traffic is such as to indicate to the driver of an automobile that no one is approaching from the right upon the other highway within such distance as reasonably to indicate danger of collision, no matter what the actual situation thereafter may prove to have been, the one approaching from the right does not have the right of way. It occurs to the writer that the accuracy of the statement set forth in the second sentence of this instruction can not be questioned. It is one utterance of this court upon which even doctors ought not to disagree. It is, however, only a statement of an inference. As a rule of law the third sentence of the requested instruction, however, is fallacious for the reason indicated in discussing the first sentence.

For these reasons, no error was committed by refusing to give said instruction.

Defendant also cites the case of *Bakkum v. Holder*, 135 Or. 387 (295 P. 1115). In that case, the facts showing that plaintiff was contributorily negligent were unequivocally and irrefutably established. The only testimony regarding speed was that defendant was going about 10 miles an hour. These matters clearly distinguish that case from the case at bar.

■ The objections urged by defendant to the giving by the trial court of the instructions set forth in the foregoing statement of the case are based upon the same grounds as his motions for nonsuit and directed verdict; and, for the reasons stated, we hold them to be untenable.

Plaintiff's requested instruction number one may be subject to the criticism that it does not expressly enjoin upon plaintiff the duty of acting as a reasonably prudent person in determining whether another car was approaching within such distance as to indicate danger of collision; and, therefore, it is not approved as a model instruction. This objection was not urged by defendant, and the requested instruction is not prejudicial when it is considered in the light of the one immediately preceding it, which is stated in our discussion of the McNab-O'Flynn case; and the further instruction expressly given to the jury that plaintiff was required to look alertly to her right in an endeavor to apprise herself of the presence of all vehicles approaching the intersection in that direction, their distance from the point of passage and their rates of speed; and that plaintiff was required to exercise the judgment of a reasonably prudent driver in determining whether or not she would collide with any car to her right if she continued her approach.

The judgment of the circuit court is affirmed.

Bean, C. J., Rand and Rossman, JJ., concur.