**PULLMAN CO. v. TEUTSCHMAN.**

No. 11840.

United States Court of Appeals
Ninth Circuit.

Sept. 21, 1948.

Rehearing Denied Oct. 25, 1948.

M. B. Strayer and Hart, Spencer, McCulloch & Rockwood, all of Portland, Or., for appellant.

T. H. Ryan and Ryan & Pelay, all of Portland, Or., for appellee.

Before DENMAN, Chief Judge and STEPHENS and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This appeal raises the question of the sufficiency of the evidence to support a judgment in damages for personal injuries suffered by appellee while riding in a sleeping car operated by appellant.

Appellee was traveling via the Southern Pacific from Los Angeles to Portland. Before boarding the train she purchased a ticket for a tourist sleeping car berth which she was to occupy during the night. In the daytime she sat in a chair car and on reaching Martinez was obliged to change to another train in order to board the sleeper. She claimed to have arranged for a lower berth but was told by the Pullman conductor that her ticket called for an upper. She informed both the conductor and the porter that she had never before ridden on a sleeping car and was unacquainted with the use of berths, particularly an upper berth, and she expressed reluctance and fear about climbing the ladder to enter the upper assigned her. Appellee was a woman in her sixties, poorly dressed, of eccentric demeanor and appearance, and she limped badly from an old injury to her hip. She carried her effects, such as they were, in a

violin case, her stockings were sagging, and her conduct was such as to lead some witnesses, including the conductor, to believe at first that she was intoxicated, although this was acknowledged by the conductor not to be the fact. He attributed the appearance of intoxication to be due rather to her taking a sleeping capsule.

When appellee got into her berth she did not undress except for removing her shoes. During the night the conductor noticed one of her feet protruding between the curtains and he shoved the foot back into the berth again. The curtains were unfastened perpendicularly and were partly open or separated from each other at that time. The woman was not cautioned to button the curtains or to keep them closed. Some time later in the night she fell from the berth and was injured without knowing how the fall came about.

The court found that she was in a confused and crippled condition, and that the responsible employees of the Pullman Company were aware of her condition and inexperience. Further, that under all the circumstances reasonable prudence on the part of the Company required the latter to see to it that appellee's safety was safeguarded while in her berth and to make sure that the inside buttons on the curtains were fastened or secured. No warning or instructions in this respect appear to have been given her either by the conductor or the porter. It was found that the Company was negligent in the respects mentioned and that appellee's injury was the sole and proximate result of such negligence.

■ Appellee herself testified that prior to the accident she was in good health, although somewhat lame; that when she boarded the train she felt "wonderful"; that she took no medicine of any kind and was not suffering from any pain. Appellant contends that she is bound by her testimony in these respects and is foreclosed from now asserting that her condition was such as to require anything more than the exercise of ordinary precaution on appellant's part. Reliance is placed on the authorities collected and reviewed in 80 A.L.R. 624 et seq., where the majority rule is stated to be that a party is concluded by his own testimony which is favorable to the adverse party.

The rule to that effect appears to admit of exceptions; and, as is observed by the compiler of the annotation just cited, a search for a general principle deducible from the cases "does not yield satisfactory results." Whatever the rule may be elsewhere it is not shown to prevail in Oregon. On the contrary the case of Cox v. Jones, 138 Or. 327, 5 P.2d 102, supports the view that appellee was not precluded by her own testimony from relying on that of other witnesses including those testifying for the defense.

■ The findings of the court are not clearly erroneous.

Affirmed.