Sarah A. Hedges and Husband, Respondents, v. The City of Kansas, Appellant.

### Kansas City Court of Appeals, May 25, 1885.

1. Kansas City—Liability for Failure to Keep Streets in Repair.—Under the charter constituting the City of Kansas a municipal corporation, it is liable for personal injuries resulting from a failure of its common council to keep its streets in repair. Following *Tritz v. City of Kansas* (not yet reported), Supreme Court of Missouri.

2. Contributory Negligence—That of Husband Will Not Bar Wife—Case Adjudged.—Generally the contributory negligence of the husband will not bar the wife from recovering for her personal injuries, she being free from negligence. Even if this rule is not applicable under *all* circumstances there is in this record no such conclusive evidence of even the husband's contributory negligence as would have precluded *him* from recovering had he been injured by the accident, which is the basis of this suit. *Flori et ux v. City of St. Louis*, 3 Mo. App. 231.

Appeal from Jackson Circuit Court, Hon. F. M. Black, J.

*Affirmed.*

The facts are sufficiently stated in the opinion of the court.

Wash Adams, city counselor, and R. H. Field, for the appellant.

I.   This court has held this city liable for injuries resulting from a failure to keep its streets in repair in a number of instances, beginning with *Bowie's Case*, 51 Mo. 454, but it has been said by high authority that "no precedent of whatever sort, can weigh against right or distinct law, *for the latter are certainty*, and precedents are used to obtain approximate certainty in cases of doubt.   *   *   *   Precedents against law, or the law's reason, must be set aside."   Liebers Hermeneutics, p. 207.

II.   Our specific claim here is that the provisions of the charter of this city have been overlooked; and that the nature and character of the powers there conferred, construed and taken together   *   *   *   do not show that the city is liable for a failure to repair defects in its streets.   There is no common law liability of a municipal corporation for injuries resulting from a failure to repair its streets; hence such liability does not exist unless it is expressed or implied by statute.   Dill. Mun. Corp. (3rd Ed.) sect. 950, *et seq.   Nichols v. Minneapolis*, 30 Minn. 545; *Nevastu v. Pearce*, 46 Texas 526; *Hill v. Boston*, 122 Mass. 344; *Winebigler v. Los Angeles*, 45 California 36.   There is no liability unless there is duty to repair imposed upon the *corporation itself* by the statute; it is not sufficient to make the corporation liable that such duty may be imposed upon its council or other officers. *Tranter v. Sacramento*, 61 Cal. 71; *People ex rel. &c. v. Auditors*, 75 N. Y. 316; Dill. Mun. Corp. (3d Ed.) *condition 2* of section 1007.   And this court refused to hold a county liable for failure to repair its bridges, and which caused personal injuries, because the statute granted the power and imposed the duty to repair roads and bridges upon the county court   *   *   *   and not upon the county itself.   *Sevinford v. Franklin Co.*, 73 Mo. 279; *Reardon v. St. Louis County*, 36 Mo. 555.   It appears from the statutes hereafter set forth that this power of repairing is conferred exclusively upon the common council.

III.   The following are the provisions in the charter upon this subject:   1.   "*The common council* shall have

power * * * by ordinance * * * to have ' exclusive power and control over the streets * * * of the city, to * * * grade, pave or otherwise improve and keep in repair the same." 2. "The *common council* shall have power to cause to be graded, constructed, reconstructed, paved, or otherwise improved and *repaired* all streets * * * within the city, *at such times and to such extent*, of such dimensions and with such materials, and *in such manner* and under such regulations as *shall be provided by ordinance*." 3. "All city improvements of whatever kind or character, made or to be made at *the expense* of said city, shall be let by contract to the lowest and best bidder and as shall be prescribed by *ordinance*. *Provided* that nothing shall be so construed as to prevent the *repair* by days work of streets, etc., so far as may be necessary for their preservation, under the direction of the city engineer or other proper officer, *where such repairs shall have been ordered to be made* by a vote of the common council." These charter provisions are the letter of attorney granted by the legislature; the method there pointed out for repairing streets is exclusive of every other. *Donovan v. Mayer*, 33 N. Y. 291; *City of Louisiana v. Miller*, 66 Mo. 469.

IV.   The city could not have the common council removed for failure to do their duty. They are independent officers, elected for a definite period in obedience to a public statute; hence *respondent superior* should not apply to this city for their action or non-action. Dill. Mun. Corp. (3rd Ed.) sect. 974; Woods, Master & Servant, sect. 458, *et seq.* And if the council is considered *as the city* the power given is still merely *discretionary* and there is no liability for its non-exercise. Dill. Mun. Corp. (3rd Ed.) sect. 949.

V.   Cities of other states have been *held not* liable on ground that the duty to repair was a public duty in discharge of which the municipality gained no corporate or private advantage. *Nevasta v. Pearce*, 46 Texas 526; *Hill v. Boston*, 122 Mass. 344; *Detroit v. Blakely*, 21 Mich. 84. The same doctrine has been sanctioned in this

state in another class of municipal cases. *Armstrong v. Brunswick*, 79 Mo. 319.

VI. The plaintiff was guilty of contributory negligence. *Erie v. Magill*, 101 Pa. St. 616; *Quincy v. Barker*, 81 Ills. 300; *Moore v. Abbott*, 32 Maine 46; and the negligence of her husband was imputable to her so as to bar recovery. *Stillson v. R. R.*, 67 Mo. 671; *Fletcher v. R. R.*, 64 Mo. 487; *Henzer v. R. R.*, 71 Mo. 636.

VII. The question of negligence was not fairly submitted to the jury by the instructions.

PEAK, YEAGER & BALL, for the respondents.

I. There are three propositions presented by appellant as reasons for reversal. 1. That the city is not liable for injuries resulting from defective streets. 2. That the court should have instructed for appellant on account of the contributory negligence of respondent, Sarah Hedges. 3. That the question of the city's negligence was not properly submitted to the jury.

II. The *non-liability* of the city for damages resulting from defective streets is the point mainly relied upon. This question has been so frequently before the supreme court of this state; and before all other courts of last resort in this country, and has been so universally decided in opposition to the theory advanced by appellant's counsel, that its discussion would be a useless consumption of time. A summary of all the authorities on the subject may be briefly stated as follows: A city upon which has been conferred the power to open, grade, improve, and exclusively control public streets within its limits, and to which has been given the means of discharging this duty by taxation or local assessment, or both, is liable for any injury resulting from its negligence in suffering its streets to be or remain in a defective or unsafe condition. Dill. Mun. Corp. (3rd Ed.) sects. 999, 1017, 1018; *Allhitten v. Huntsville*, 60 Ala. 486; *Barnes v. Dist. Columbia*, 91 U. S. 540; *Omaha v. Olmstead*, 5 Neb. 546; *Jensea v. Atkinson*, 16 Kansas 358;

*Nebraska City v. Campbell,* 2 Black. 590; *Richmond v. Courtney,* 32 Grattan (Va.) 792; *Centerville v. Woods,* 57 Ind. 192; *Chicago v. Robbins,* 4 Wall 657; *Blake v. St. Louis,* 40 Mo. 569; *Bassett v. St. Jo.,* 53 Mo. 290; *Smith v. St. Jo.,* 45 Mo. 449; *Market v. St. Louis,* 56 Mo. 189; *Welsh v. St. Louis,* 73 Mo. 71; *Russell v. Columbia,* 74 Mo. 480; *Bonire v. Richmond,* 75 Mo. 437; *Bowie v. Kansas City,* 51 Mo. 454; *Hall v. Kansas City,* 54 Mo. 598; *Grove v. Kansas City,* 75 Mo. 672; *Halpin v. Kansas City,* 76 Mo. 335; *Haire v. Kansas City,* 76 Mo. 438.

III. The only negligence *on part of respondents,* if there was any, was that of the husband, and this could not be imputed to the wife. *Flori v. St. Louis,* 3 Mo. Appeals 231. But even if there was evidence tending to show contributory negligence, the question was submitted to the jury under instructions as favorable to appellant as the law would warrant. *Smith v. R. R. Co.,* 61 Mo. 588; *City of Omaha v. Cane,* N. W. Reporter, Vol. 22, p. 101.

IV. As to *the city's negligence* the instructions fairly submitted the question. It appeared from the evidence that the street had been in a dangerous condition for six months, or more; and that the fact had become notorious. Under these circumstances no express notice to the city was necessary. Dill. Mun. Corp. (3rd Ed.) sects. 1024, 1025; *Market v. St. Louis,* 56 Mo. 189; *Requa v. Rochester,* 45 N. Y. 135. But even if the instruction was not as explicit in defining negligence as it should have been, the appellant cannot complain, inasmuch as the same definition of negligence was embodied in instruction number three given upon appellant's application. *Davis v. Brown,* 67 Mo. 313; *Crutchfield v. R. R.,* 64 Mo. 255.

Opinion by PHILIPS, P. J.

This is an action to recover damages for personal injuries received by the plaintiff, Sarah S. Hedges, caused by being thrown from a wagon on one of the defendant's streets, which street, it was claimed, the

defendant permitted to remain out of repair by suffering a hole two and one-half feet deep to remain in it, so concealed that the wagon ran into it precipitating the plaintiff violently upon the ground. The plaintiff recovered judgment, and the defendant has brought the case here on appeal.

1. It is manifest, from the brief and oral argument of appellant's counsel, that the controlling question sought by this appeal to have determined is, whether or not under the charter constituting the defendant a municipal corporation it is liable for personal injuries resulting from a failure of its common council to keep its streets in repair. This question is not *res integra*. It has been passed upon by the supreme court commission in the case of *Francis Tritz v. The City of Kansas*, not yet reported, opinion delivered by Ewing, C., and unanimously approved by the supreme court. It holds that the city is liable in such case. We feel bound by that decision.

2. The only other question of importance insisted on by appellant is, that the court erred in refusing to give an instruction in the nature of a demurrer to the evidence. The plaintiff's evidence tended to show that she and her husband, who lived in the country, came to Kansas City in a two horse wagon. On their return home they were passing along 18th street going east. This is one of the principal thoroughfares of the city. At a point between Walnut street and Grand Avenue the dirt was piled up in the center of the street so high as to prevent teams from passing except on either side thereof. She and her husband were sitting on the seat, at the customary height above the wagon bed—the husband driving. On approaching this point they encountered another wagon coming from the east going west. This wagon passed on the north side of this pile of dirt; and plaintiff's, according to the custom of the country, took to the right side. The defendant claims that the husband was guilty of contributory negligence, which ought to be imputed to the wife. It has been held by the St. Louis court of appeals, in *Flori et ux. v. City of St. Louis*, 3 Mo. App. 231–240, that contributory negli-

gence of the husband will not bar the wife from recovering for her personal injuries, she being free from negligence.

Without undertaking here to determine whether or not this be a correct rule, applicable under *all* circumstances, I am clearly of opinion that there is in this record no such conclusive evidence of even the husband's contributory negligence as would have precluded him from recovering had he been injured by the accident.

The only evidence on which defendant bases this imputation of contributory negligence is the statement of the wife. She said she noticed on the side of the pile of dirt where they undertook to pass water standing in the street on the south side. It was a muddy looking place; and she said to her husband : "drive as near to that dirt as you can." He said, "that is nothing;" and he kept as near the middle of the road as possible, "but he could not get any nearer on account of the pile of dirt." In an instant the wheel of the wagon dropped into a hole beneath this water, two and a half feet deep—up to the wagon hub—throwing both parties out, and injuring the wife severely.

From this statement it is apparent that whether there was any actual danger at the point was a matter of opinion. It was not an obvious danger. On account of the water and mud it could not be seen by plaintiffs that beneath there was a hole two and one-half feet deep. Under such circumstances it would be little less than bold usurpation for the judge on the bench to direct a nonsuit. A casual visitor from the country could hardly be required to expect or suspect that in one of the principal streets of this city, concealed beneath a puddle of water, there was such a danger trap, especially when the city had placed there no warning signal or barrier.

But counsel say that the plaintiffs ought to have waited until the approaching team had passed, and then they could have safely passed on the left. There would be some force in this suggestion if the plaintiffs had any previous knowledge of the dangerous condition of the pass way on the right. But there is no evidence of this. Seeing, as the wife stated in her evidence, that other

wagons had been going over this path to the right, and observing the custom of the road to go to the right on encountering another team, how could the court hold that the plaintiffs were absolutely guilty of negligence in undertaking to pass to the right?

It was the plain duty of the city to have placed at this point a danger signal, or to have erected a barrier there to prevent the uninformed and the unwary from being entrapped. Both the instructions for the plaintiff and defendant, favorably enough for the defendant, submitted the question of contributory negligence to the jury. In finding for the plaintiffs, the jury, it must be presumed under these instructions, found that neither the husband nor the wife were guilty of negligence, but were at the time exercising due care.

Other questions are suggested by counsel in argument, but they are unimportant, and in no wise affect the merits. The judgment of the circuit court is affirmed. All concur.