GERSHOM R. MOSES, Respondent, v. FREDERICK W. KLUSMEYER, Appellant.

St. Louis Court of Appeals.    Argued and Submitted May 2, 1916. Opinion Filed June 6, 1916.

1. EVIDENCE: Admissions: Contradictory Statements of Party Litigant. An admission against interest made by a party litigant while testifying is conclusive against him, notwithstanding he also testifies to a diametrically opposite state of facts, where he does not attempt to give any explanation of the discrepancy.

2. DAMAGES: Loss of Time: Necessity of Evidence. In an action for personal injuries, it is error to authorize a recovery for loss of time and earnings, where plaintiff admitted that he had not been working for over eighteen months prior to his injury.

3. AUTOMOBILES: Collision with Motorcycle: Contributory Negligence: Sufficiency of Evidence. In an action by a motorcycle driver for injuries sustained by reason of a collision between the motorcycle and defendant's automobile, *held* that plaintiff was not guilty of contributory negligence as a matter of law.

Appeal from St. Louis City Circuit Court—*Hon. Wilson A. Taylor*, Judge.

REVERSED AND REMANDED.

*Taylor R. Young* and *Henry S. Caulfield* for appellant.

(1) Plaintiff's instruction No. 2, on the measure of damages, is erroneous because it permits a recovery for past "lost time," without any suitable allegation in the petition, and without any evidence of loss of time or of the value thereof. Slaughter v. Railroad, 116 Mo. 269; Mellor v. Railroad, 105 Mo. 455; Coontz v. Railroad, 115 Mo. 569; Bartley v. Trorlicht, 49 Mo. App. 214; Impkamp v. Transit Co., 108 Mo. App. 655; Paquin v. Railroad, 90 Mo. App. 118. (2) Plaintiff was guilty of contributory negligence as matter of law in not observing defendant's automobile turning into Euclid avenue, the view being entirely unobstructed, and in failing, after he saw the danger, to stop his motorcycle in time to avoid the collision, and particularly in deliberately taking a chance by attempting to circle around in front of the defendant's moving automobile. Belton v. Baxter et al., 54 N. Y. 245.

*Alexander Young* and *Charles E. Morrow* for re-respondent.

(1) Even if the allegations of the petition are not broad enough to cover "loss of time," the evidence, admitted without objection, showed plaintiff was employed at the time he was injured, and making from $90 to $115 a month, and it was proper to submit this issue to the jury. By not objecting, the defendant waived it. Mellor v. Railroad, 105 Mo. 455; Harrison v. Coleman, 171 Mo. App. 633; Chamlee v. Planters Hotel Co., 155 Mo. App. 144; Litton v. Railroad, 111 Mo. App. 140. (2) The plaintiff's testimony, that he was making from $90 to $115 per month, was not too indefinite to afford a basis for recovery. If it should have

been limited to $90 per month by the court, it was the duty of the defendant to ask an instruction so limiting it. State ex rel. v. Reynolds, 257 Mo. 38; Nelson v. United Railways Co., 176 Mo. App. 423; King v. St. Louis, 250 Mo. 501; Norris v. Railroad, 239 Mo. 695, 717. (3) The plaintiff under the evidence was certainly entitled to at least nominal damages for loss of time, and the defendant not having asked an instruction limiting his recovery, waived the defect, if any. State ex rel. v. Reynolds, 257 Mo. 38; Nelson v. United Railways Co., 176 Mo. App. 423; King v. St. Louis, 250 Mo. 501; Norris v. Railroad, 239 Mo. 695, 717. (4) The plaintiff, on cross-examination, does not contradict his statements made in his positive testimony in chief that he was employed at the time he was injured. His answers to questions are no answers at all, and when asked if he meant that he was not employed at the time he was injured, he answered, "No, sir." But at any rate his answers show that he did not understand the questions, and that there was a mistake about it. These ambiguous statements made on cross-examination are not sufficient to overcome his positive testimony in chief, as a matter of law, and the plaintiff is not absolutely bound thereby. If he made contradictory statements about being employed, and his lost time, it was a question for the jury. Lehner v. Railroad, 110 Mo. App. 215; Huff v. Railroad, 213 Mo. 495; Steel v. Railroad, 265 Mo. 97; Downs v. Racine-Sattley Company, 175 Mo. App., 387.

REYNOLDS, P. J.—Action by plaintiff, respondent here, against the defendant, appellant, for damages to his person, resulting from a collision between a motorcycle, on which plaintiff was riding at the time, and an automobile, driven at the time by defendant, the accident occurring on January 1, 1913, at the intersection of Washington boulevard with Euclid avenue in the city of St. Louis.

The petition, after setting out the accident and the injuries sustained by plaintiff, contains this averment as to the measure of damages:

"Plaintiff further says that by reason of said injuries he suffered great pain and anguish both of body and mind; that he had to be taken to a hospital, where he was confined for about two weeks and then he was removed to his home and confined to his bed for about two months. During all of that time he was under the care and treatment of surgeons and was compelled, by reason of his injuries to be attended by a nurse. Plaintiff further says that his left leg by reason of the injuries he received has been made stiff at the knee and has been shortened about one inch and that his said injuries are permanent and that he will never entirely recover from the effects thereof, and that he is not yet able to stand upon his feet or walk without crutches."

The trial was before the court and a jury, resulting in a verdict for plaintiff. From the judgment which followed, having excepted to the action of the trial court in overruling his motion for a new trial, defendant appealed.

During the course of plaintiff's examination in chief as a witness on his own behalf, he was asked: "What was your business at the time you were injured?" He answered that he was an employee of the Wabash Railroad Company; that he worked on the road at the time and was earning from ninety to one hundred and ten and fifteen dollars a month. Asked how long it was after the accident before he was able to attend to his work, he answered that he was not able to return yet and that he was first able to do anything just about a month prior to the trial, the trial coming off in November, 1913.

On cross-examination of plaintiff, however, this occurred, the questions being by counsel for defendant and the answers by plaintiff:

"Q. What business were you in at the time you were hurt? A. I wasn't doing anything at the present time.

Q. You mean at that time? A. No, sir.

Q. How long had it been since you worked for the Wabash? A. I just have to figure that out.

Q. About how long? A. A year and a half.

Q. What have you been doing in the meantime? A. I just ran around the country for pleasure and health and riding on that motorcycle and on the train.''

Plaintiff further testified on cross-examination that he had been riding in motorcycle races at the Motordrome on Grand avenue and Meramec streets in the city of St. Louis, and that he had ridden in three races there; that he did this on August 31, 1912. Plaintiff was then asked: ''And then from and after that time you were riding around on trains and motorcycles for pleasure? A. Yes, sir. Q. You weren't doing anything else? A. No, sir.''

This is all the evidence in the case as to plaintiff being engaged in any occupation, or earning anything.

At the instance of plaintiff, the court, instructing as to the measure of damages, told the jury that the damages which they might award plaintiff, if they found for him, should be compensatory only, ''and in estimating such damages, you will take into consideration and allow him for expenses incurred for doctor bills, hospital services, if any, in treating his injuries not to exceed the sum of $500; *also compensation for lost time, if any, during his illness occasioned by his injury,* and while the evidence may not prove any specific sum in dollars and cents that plaintiff may have been damaged by reason of physical pain and mental anguish, yet you may allow him what you believe to be just and fair to compensate him for such sufferings, if any. You will also take into consideration in estimating his damages, *his diminished capacity for earning money, if you so believe from the evidence, and on account thereof make him such allowance as you may believe to be fair and just for any loss that you may believe from the evidence he has sustained in the past by reason thereof,* and for any loss you may believe from the evidence he may sustain in his future earnings by reason of such diminished earning capacity as may be occasioned by his injury.''

The first error assigned by learned counsel for appellant is to the presence in the instruction of the words we have italicized, it being claimed that this instruction permits a recovery for past time lost, which, it is said, is

the equivalent of lost earnings, citing Slaughter v. Metropolitan St. Ry. Co., 116 Mo. 269, 1. c. 275, 23 S. W. 760, and Scholl v. Grayson, 147 Mo. App. 652, 1. c. 664, 127 S. W. 415, when there is no allegation in the petition of loss of time or loss of earnings. It is argued that it is nowhere stated in the petition that plaintiff was employed or had any occupation, nor is it alleged that he suffered pecuniary damage on account of loss of time or earnings, and it is claimed that the loss of time, or of earnings, or of business, is a kind of injury which is not regarded as a necessary consequence of a personal injury and must be pleaded to entitle the plaintiff to give evidence of such loss or to have an instruction therefor, it not being embraced, as is claimed, within the plaintiff's general allegations of damage. Mellor v. Missouri Pacific Ry. Co., 105 Mo. 455, 16 S. W. 849, and Slaughter v. Metropolitan St. Ry. Co., supra, are cited in support of this.

Admitting that it is true, as held in Mellor v. Missouri Pacific Ry. Co., supra, that lack of averment in a petition may be waived by permitting evidence of loss of time to go in without objection, it is argued that in the case at bar there is neither allegation nor evidence, either of the fact of loss of earnings, or time, or of the value of the time, or of the amount of the earnings. Hence, it is argued, there could have been no waiver of the necessity of pleading, and in any event, there could not be a recovery without such evidence, citing Slaughter v. Metropolitan St. Ry. Co., supra.

Referring to the evidence as to loss of time, it is argued that what we have set out is all the evidence as to whether plaintiff had lost any time, it is manifest, from plaintiff's own admissions, that he did not lose any time or earnings, and it is claimed that the rule which should have been applied in the case at bar, where plaintiff was not employed at the time of his injury, and had no immediate prospect of employment, should have been the same as the rule for future damages as laid down in Bartley v. Trorlicht, 49 Mo. App. 214, namely, that plaintiff should have been confined to the damages which may be supposed to accrue from an impaired earning capacity.

This, it is claimed, was not done; to the contrary, plaintiff being clearly and unequivocally permitted to recover for past lost time.

Learned counsel for respondent, in commenting on the testimony of plaintiff, given on cross-examination, say that it is clear that a mistake had been made in reporting what the plaintiff as a witness had actually said; that his answer is ambiguous, or that he did not understand the question asked him. But when we consider all of the testimony given by plaintiff himself on cross-examination, there is no mistake or ambiguity about it. It is true that on direct examination plaintiff testified that at the time of the accident he was then in the employ of the Wabash Railroad Company, earning from ninety to one hundred and fifteen dollars a month; that he had not been able, since the accident to attend to his work yet, except that a month prior to the trial was the first time he was able to do anything. What he then did and what he then earned, nowhere appears. But on his cross-examination he clearly and unequivocally testified that from August 31, 1912, down to the date of the accident, he had not been in any employment; that he had been idle for about eighteen months. Plaintiff offered no explanation of this glaring contradiction in his testimony; was not asked for any explanation of it. So his testimony on cross-examination entirely destroyed that given on his direct examination as to the matter of employment and wages, and the case stands as if he had given no testimony at all on the matter of past employment and earnings.

In Steele v. Kansas City Southern Ry. Co., 265 Mo. 97, 175 S. W. 177, it appears that the plaintiff, testifying at the trial as a witness for himself, had sworn to the existence of one or more facts at one time, and on further examination flatly contradicted himself, offering no explanation of the discrepancy. It was there urged that the rule is, that a plaintiff, testifying for himself in his own suit, is not so far concluded by his sworn testimony as to take from the jury its lawful right to weigh his conflicting statements and reconcile them and pass upon his

credibility, as they do as to the testimony of other witnesses in the case. Says our Supreme Court (l. c. 110):

"We concede that ordinarily a party is not absolutely concluded by his testimony in a case where subsequently upon some excuse of mistake, oversight, misunderstanding, or lack of definite recollection, he denies the statements forming the admissions. But so long as the admissions made by the party-witness stand, they are conclusive and the adversary side may absolutely rely upon them. This prima-facie conclusiveness is destroyed when the litigant corrects his mistake upon some honest and reasonable explanation."

A number of cases are cited for this, Downs v. Racine-Sattley Co., 175 Mo. App. 382, 162 S. W. 331, being quoted *in extenso*. Setting out the contradictory testimony of the plaintiff, our Supreme Court has said (l. c. 114):

"When a party litigant takes the stand as a witness for himself he ought to be permitted and he is permitted to protect himself from the human frailties of forgetfulness and mistake precisely as is any other witness. He ought not to be, and he is not, bound down by any cast-iron rule so that he is forever concluded by the least lapse of memory or oversight or mistake which may lead him by inadvertence to a misstatement of fact, which may, as a matter of law, destroy his case utterly. He may correct his errors and mistakes and lapses of memory and leave the jury on the whole case to pass upon his credibility. If he makes no correction whatever as we have seen, he is absolutely concluded and his adversary may with confidence rely upon the admission made as conclusive against the maker thereof. If he make no correction aside from merely stating to-day a state of facts diametrically contrary to, and contradictory of, what he said in the same case on yesterday, ought the jury to pass upon his credibility, in the absence of any claim of mistake or oversight or lapse of memory or misunderstanding, or ought the court to say to him as a matter of law that absent a reasonable excuse, or explanation of the variance, except that inferably deducible from a

194 M. A.—41

desire to obtain a verdict, what you said to-day, since it contradicts what you said on yesterday, also cancels it, and you have, at the best that may be said, no proof upon a point vital to your case? . . . No litigant in his own sole case ought to be heard by a court, without some explanation or excuse, to deny to-day what he solemnly swore was true on yesterday.''

The result was the entire rejection of the testimony of the plaintiff on the point involved.

On the authority of this decision, we must hold that this plaintiff here is in like position, and that the instruction as to past employment and wages, in so far as it authorizes a recovery for lost time and earnings, should not have been given, the plaintiff's own evidence failing to lay any foundation for any such allowance.

The second assignment of error is on the failure of the trial court to declare, as a matter of law, that plaintiff was guilty of contributory negligence. We have read the testimony of plaintiff and of his witnesses as to the happening and the circumstances connected with it, the conduct of plaintiff and that of defendant, and while it is true that it presents a very close case as to whether plaintiff was guilty of such contributory negligence as bars him from recovery, we cannot, as a matter of law, here and on the evidence as it is now presented, declare contributory negligence. That is our conclusion upon examination of the testimony and due consideration of it. It presents a case on this proposition for the determination of the jury, under proper instructions. There was testimony from which the jury could arrive at either conclusion on this matter, so that the determination of it was primarily for the jury.

For the error in the instruction on the measure of damages, the judgment of the circuit court must be and is reversed and the cause remanded. *Nortoni* and *Allen, JJ.,* concur.