BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1922.

AUGUST B. ROWE, Respondent, v. UNITED RAIL-
WAYS COMPANY OF ST. LOUIS and KROGER
GROCERY & BAKING COMPANY, Appellants.

St. Louis Court of Appeals. Opinion Filed December 5, 1922.

1. **NEGLIGENCE: Imputed Negligence: Automobiles: Occupant of
Truck as Helper: Negligence of Chauffeur Not Imputable.** In an
action for damages for personal injuries by a helper caused by a
collision between a delivery truck on which he was riding and a
street-car, negligence on the part of the chauffeur driving the
truck, if any, cannot be imputed to the helper.

2. **STREET RAILROADS: Negligence: Occupant of Truck: Contrib-
utory Negligence: Evidence: Question for the Jury.** Where plain-
tiff, the occupant of a truck going at four miles per hour, warned
the chauffeur driving the truck to look out for the cars, and re-
ceived the answer "that's all right," and plaintiff was not made
aware of the fact that a collision between the truck and a street-
car was impending until the truck had reached a place eight feet
from the north rail of the eastbound track, at which time the on-
coming car was fifteen feet from the truck when plaintiff again
called to the chauffeur, and, while making an endeavor to get out
of the truck the collision occurred, *held* that he was not guilty
of contributory negligence as a matter of law.

3. **EVIDENCE: Admissions: Testimony of Party: Expression of Opin-
ion: Not Conclusive: Rule.** The general rule that a party plain-
tiff testifying in his own behalf as to the existence of a fact is
absolutely concluded thereby, and that his adversary may with
confidence rely upon the admission made as conclusive as against
the maker thereof; unless he makes a correction thereof, giving
some excuse of mistake, oversight, misunderstanding, or lack of
definite recollection, is not intended to cover testimony of a party

526

plaintiff which is but an expression of opinion of the wtness, and can be applied only where the witness has testified to the fact, and, being opinion evidence, does not come within the rule that any statement of a party plaintiff must be treated, in considering a demurrer to the evidence, as an admission and binding on plaintiff for the purposes of determining whether or not plaintiff had made out a prima-facie case.

4. **STREET RAILROADS: Negligence: Speed of Car: Vigilant Watch Ordinance: Evidence: Question for the Jury.** In an action for damages for personal injuries by a helper caused by a collision between a delivery truck on which he was riding and a street-car, *held* under the evidence that plaintiff was entitled to go to the jury upon his assignments of negligent speed under the common law, violation of the speed ordinance limiting the speed of street-cars and violation of the vigilant watch ordinance.

5. ————: ————: **Humanitarian Doctrine: Evidence: Insufficient.** In an action for damages by the occupant of a truck caused by a collision between the truck and a street-car, *held* the evidence adduced did not warrant the submission of plaintiff's case to the jury upon the humanitarian doctrine and to do so was submitting an issue for determination upon mere speculation and conjecture.

6. **MASTER AND SERVANT: Delivery Truck Driver and Helper: Fellow Servants.** A chauffeur driving a delivery truck and his helper engaged in a common employment, namely, the hauling and delivering of packages, *held* fellow servants.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Granville Hogan,* Judge.

REVERSED as to Kroger Grocery & Baking Co.

REVERSED AND REMANDED as to United Railways Co.

*Charles W. Bates, T. E. Francis* and *S. P. McChesney* for appellant United Railways Company of St. Louis.

(1) The general rule applicable to demurrers to the evidence, requiring the court to view the testimony in its aspect most favorable to plaintiff, does not apply to statements made by plaintiff on the witness stand. The rule with respect to such statements is that, although such statements are not so favorable to plaintiffs' case

as the statements of other witnesses, nevertheless, in view of the fact that they are treated as admissions, they are binding on plaintiff for the purpose of determining whether or not a prima-facie case is made. Cogan v. Railroad, 101 Mo. App. 188; Steele v. Railroad, 265 Mo. 110; Moses v. Klusmeyer, 194 Mo. App. 634; Murray v. Transit Co., 176 Mo. 189; Behen v. Transit Co., 186 Mo. 439; Graefe v. Transit Co., 224 Mo. 264. (2) The court erred in refusing to give the jury the peremptory instruction to find for defendant United Railways Company of St. Louis requested by said defendant at the close of plaintiff's case and at the close of the whole case, for the reason that plaintiff was not entitled to recover under any theory of negligence counted on in his petition. (a) Plaintiff was not enttiled to recover under the last-chance doctrine or for violation of the vigilant-watch ordinance. Alexander v. Railroad, 233 S. W. 44; State ex rel. Frisco Railroad v. Reynolds, 233 S. W. 219; Burge v. Railroad, 244 Mo. 76; Fleming v. Railroad, 263 Mo. 180; Keele v. Railroad, 258 Mo. 62; Paul v. Railroad, 152 Mo. App. 577; Zurfluh v. Peoples Railway Co., 46 Mo. App. 636; Baecker v. Railroad, 240 Mo. 507; Hamilton v. Railroad, 250 Mo. 714; McGee v. Railroad, 214 Mo. 530; Roenfeldt v. Railroad, 180 Mo. 554. (b) Plaintiff was not entitled to recover under the negligent speed theory, either at common law or under the so-called "speed ordinance" of the city of St. Louis. (c) Plaintiff was not entitled to recover under the negligent speed theory, either at common law or the so-called "speed ordinance" of the city of St. Louis. Negligence not proximately causing the injury complained of is not actionable. Moore v. Railroad, 176 Mo. 528; Battles v. Railroad, 178 Mo. App. 596; Jackson v. Railroad, 157 Mo. 621; State ex rel. v. Ellison, 176 S. W. 11; Jackson v. Butler, 249 Mo. 342. (d) Plaintiff's contributory negligence in permitting himself to be driven toward the track for a distance of over thirty feet, during which time, although he had seen the car approaching, he observed the driver of the truck was not looking toward

the approaching car or taking any precautions whatever to ascertain where it was, bars a recovery by plaintiff on every theory of primary negligence. Alexander v. Railroad, 233 S. W. 44; Evans v. Railroad, 233 S. W. 397; Burge v. Railroad, 244 Mo. 75; Gubernick v. Railroad, 217 S. W. 33; McCreery v. Railroad, 221 Mo. 18; Owens v. Railroad, 188 Mo. App. 450; Sanguinette v. Railroad, 196 Mo. 466; Hayden v. Railroad, 124 Mo. 566; Huggart v. Railroad, 134 Mo. 673; Kelsay v. Railroad, 129 Mo. 362; Costello v. Railroad, 213 S. W. 179; Voelker v. Products Co. v. Railroad, 185 Mo. App. 310; Tannehill v. Railroad, 213 S. W. 818, 279 Mo. 158; Boring v. Railroad, 194 Mo. 541; Dyrcz v. Railroad, 238 Mo. 33; Blain v. Railroad, 184 S. W. 1142; Kelle v. Railroad, 258 Mo. 62; Walker v. Railroad, 193 Mo. 453; Vandeventer v. Railroad, 177 S. W. 834; Peters v. Lusk, 200 Mo. App. 372; State ex rel. v. Reynolds, 214 S. W. 121. It is contributory negligence as a matter of law for a passenger in the vehicle to permit himself to be driven upon a street car track when he sees, or by the exercise of ordinary care can see, that the driver is not looking for approaching cars. Fechley v. Railroad, 119 Mo. App. 358; Leopard v. Railroad, 214 S. W. 268; Tannehill v. Railroad, 279 Mo. 158. (3) The court erred in permitting plaintiff to introduce, in evidence, over the objection of defendant United Railways Company of St. Louis, the so-called "Speed Ordinance" of the city of St. Louis, inhibiting the operation of street cars at a greater rate of speed than fifteen miles an hour, for the following reasons: (a) Because plaintiff admitted that the street car was not operated at a speed in excess of fifteen miles per hour. (b) Because plaintiff failed to show that the speed of the car, whatever it may have been, was the proximate cause of the collision. See cases cited under Point 2 (c). (4) The court erred in refusing to give the jury instruction marked "A", requested by defendant United Railways Company of St. Louis, for the following reasons: (a) Because plaintiff admitted that the street car was not operated at a

speed in excess of the maximum rate permitted by the so-called speed ordinance of the city of St. Louis, which was pleaded and introduced in evidence by plaintiff. (b) Because plaintiff failed to show that the speed of the car, whatever it may have been, was the proximate cause of the collision. See cases cited under Point 2 (c). (c) Because plaintiff was guilty of contributory negligence as a matter of law, as set out in Point 2 (d) See cases cited under Point 2 (d). Where plaintiff is not entitled to recover under an assignment of negligence pleaded in the petition, the failure of the court to give an instruction requested by defendant, withdrawing such assignment, is reversible error. Roseman v. Railroad, 197 Mo. App. 337; Allen v. Lumber Co. 171 Mo. App. 492; Chicago etc. Railroad v. Kroloff, 217 Fed. 525. (5) The court erred in refusing to give the jury instruction marked "B," requested by defendant United Railways Company of St. Louis, for the following reasons: (a) Because plaintiff admitted that the street car was not operated at a speed in excess of fifteen miles an hour, the maximum rate permitted by said ordinance. (b) Because plaintiff failed to show that the speed of the car, whatever it may have been, was the proximate cause of the collision. See cases cited under Point 2 (c). (c) Because plaintiff was guilty of contributory negligence as a matter of law, as set out in Point 2 (d). See cases cited under Point 2 (d). (6) The court erred in refusing to give the jury instruction marked "C," requested by defendant United Railways Company of St. Louis, for the following reasons: (a) Because, as set out in Point 2 (a), plaintiff failed to prove that the motorman did not keep a vigilant watch and did not stop his car within the shortest time and space possible upon the first appearance of danger to plaintiff, as required by said ordinance. See cases cited under Point 2 (a). (b) Because plaintiff was guilty of contributory negligence as a matter of law, as set out in Point 2 (d). See cases cited under Point 2 (d). (7) The court erred in refusing to give the jury instruction marked "D,"

requested by defendant United Railways Company of St. Louis, which sought to withdraw from the consideration of the jury the assignment of negligence pleaded in the petition counting upon the last chance doctrine, for the reason that plaintiff failed to prove, as set out under Point 2 (a), that the street car could have been stopped in time to have averted the collision after the truck entered the "danger zone." See cases cited under Point 2 (a).

*Bryan, Williams & Cave* for appellant Kroger Grocery & Baking Company.

(1) The plaintiff, Rowe, and the driver, Tufts, and the other helper, Mulderig, were at the time of the accident engaged in a common employment, namely, the hauling and delivery of packages, and the plaintiff was a fellow servant with the driver, Tufts. The plaintiff, therefore, cannot recover for any injuries to him due to the driver's negligence, and the demurrer to the evidence of the defendant Kroger Grocery & Baking Company should have been sustained. McIntyre v. Tebbets, 257 Mo. 117. (2) It was not necessary that the defendant Kroeger Grocery & Baking Company plead that the injury to plaintiff, if any, was due to the negligence of a fellow servant. This defense is raised by the general denial. Kaminski v. Tudor Iron Works, 167 Mo. 462; Hoover v. Coal & Mining Company, 160 Mo. App. 332. (3) Although the plaintiff's petition did not charge the defendant United Railways Company with negligence in failing to sound a signal, nevertheless the defendant Kroger Grocery & Baking Company, under its general denial, was entitled to show, if it could show, and to have the jury consider any evidence offered tending to show that the failure of the United Railways Company to sound a signal was the sole cause of the collision. Braggs v. Street Railways, 192 Mo. 331. (4) Although the driver of the automobile testified that on approaching Delmar avenue he saw the street car some three

hundred or three hundred and fifty feet to the west, he further testified that he proceeded on upon the theory that he could cross over with safety and did not again look for the eastbound car. He further testified that no signal was sounded by this car and that when he again looked up it was too late to avoid the collision. On these facts, the defendant Kroger Grocery & Baking Company was entitled to have the jury determine whether or not this failure to sound a signal was the sole cause of the injury, and it was error to refuse the instruction submitting this question, and it was further error to instruct the jury to disregard all evidence with reference to such failure to sound such signal. American Automobile Insurance Co. v. United Railways Company, 206 S. W. 257; Woodis v. Railways Company, 199 Mo. App. 348.

*Claud D. Hall* for respondent.

(1) The court did not err in refusing the peremptory instruction of the Kroger Grocery & Baking Company. State ex rel. v. Ellison, 283 Mo. 532; McCall v. B. Nugent Bros., 236 S. W. 324; Hollweg v. Bell Telephone Co., 195 Mo. 149; Fogarty v. Transfer Co., 180 Mo. 490. (2) The court did not err in refusing the instruction submitting to the jury the failure of the defendant United Railways Company to sound a gong as a warning of the approach of the street car, and in giving the instruction to disregard the testimony with reference to the failure to sound the gong. Murray v. St. Louis Transit Co., 176 Mo. 183. (3) The court did not err in failing to discharge the jury on account of alleged prejudice created by the voluntary statement and acts of plaintiff. Stauffer v. Railway, 243 Mo. 305; Ostertag v. Railroad, 261 Mo. 457; Chicago etc. R. Co. v. Meech, 163 Ill. 305; Graves v. Rivers, 3 Ga. App. 510; Atchison etc. R. Co. v. Wagner, 19 Kan. 335. (4) The court did not err in refusing the demurrers of the de-

fendant United Railways Company of St. Louis. (a) Plaintiff was not guilty of contributory negligence as a matter of law. Beall v. Kansas City Railways Co., 228 S. W. 834; Newton v. Harvey, 202 S. W. 249; Hensley v. Kansas City Railways Co., 214 S. W. 287; Lord v. Delano, 188 S. W. 93; Davis v. City Light & Traction Co., 222 S. W. 884; Moore v. St. Louis Transit Co., 194 Mo. 1; Moon v. St. Louis Transit Co., 237 Mo. 425; Criss v. United Rys. Co., 183 Mo. App. 392. (b) Negligence of the chauffeur cannot be imputed to plaintiff. Baxter v. St. Louis Transit Co., 103 Mo. App. 597; Dickson v. Mo. Pac. Ry., 104 Mo. 491; Connor v. Railroad, 149 Mo. App. 675; Ebert v. Street Railway, 174 Mo. App. 45. (c) Plaintiff and the chauffeur were not engaged in a joint venture, as plaintiff had no control over chauffeur. Dickson v. Mo. Pac. Ry., 104 Mo. 491; Baxter v. St. Louis Transit Co., 103 Mo. App. 597. (d) Plaintiff had a right in the absence of knowledge to the contrary to assume that defendant would obey the law in the matter of running the street car. Underwood v. Railroad, 190 Mo. App. 407; Lueders v. Railroad, 253 Mo. 97; Wolters v. Chicago Ry. Co., 193 S. W. 477; Straushon v. Railway Co., 234 Mo. 587; Ellis v. Met. Street Railway, 234 Mo. 657; Monroe v. C. & A. Ry. Co., 219 S. W. 68. (e) Where there is a flagrant violation of the law or municipal regualtion resulting in injury, contributory negligence should be clearly made out before the court may relieve the defendant from liability on that ground. Yonkers v. Railroad, 182 Mo. App. 559; Lueders v. Railroad, 253 Mo. 166; Bluedorn v. Railway Co., 108 Mo. 449; Petty v. Railroad, 88 Mo. 306; Baker v. Railroad, 147 Mo. 140. (f) And in passing on the question of whether the demurrer should be sustained, the court will review the evidence most favorable to the plaintiff, giving the plaintiff the benefit of every reasonable inference that may be drawn therefrom. Am. Automobile Ins. Co. v. United Ry. Co., 200 Mo. App. 317; Irwin v. United Railways Co., 196 Mo. App. 666; Williams v. Railroad,

257 Mo. 87. (5) The court did not err in permitting plaintiff to introduce the speed ordinance in evidence, as there was evidence of violation of the ordinance by the street car going twenty miles an hour. Wolters v. C. & A. Ry. Co., 193 S. W. 877; Heintz v. St. Louis Transit Co., 115 Mo. App. 667; Criss v. United Railways Co., 183 Mo. App. 392; Riska v. Union Depot R. R. Co., 180 Mo. 169; Rapp v. Transit Co., 190 Mo. 144; Nufer v. Met. St. Ry. Co., 182 S. W. 792; Steele v. Railroad, 265 Mo. 97, 112; Huff v. Railway, 213 Mo. 495. (6) There was sufficient evidence to go to the jury on the common-law speed assignment, and the court did not err in refusing the instruction of defendant United Railways Company withdrawing said assignment of negligence. Murray v. St. Louis Transit Co., 108 Mo. App. 501; Irwin v. United Ry. Co., 191 S. W. 1130; Williams v. K. C. Ry. Co., 231 S. W. 954; Draper v. K. C. Ry., 203 S. W. 646; Clark's Accident Law, Page 326. (7) The court did not err in refusing defendant's requested instruction withdrawing the issue of negligence founded on a violation of the speed ordinance of the city of St. Louis. Hoff v. Transit Co., 213 Mo. 445; Wolters v. C. & A. Ry. Co., 193 S. W. 877; Heintz v. St. Louis Transit Co., 115 Mo. App. 667; Criss v. United Ry. Co., 183 Mo. App. 392; Riska v. Union Depot R. R. Co., 180 Mo. 169; Rapp v. Transit Co., 190 Mo. 144; Nufer v. Met. Street Ry. Co., 182 S. W. 792; Schlereth v. Ry. Co., 96 Mo. 509, 515; Meng v. St. L. & Sub. Ry. Co., 108 Mo. App. 553; Beyerly v. Rys. Co., 211 S. W. 695; Clemens v. Railroad, 53 Mo. 366. (8) The court did not err in refusing the defendant's instruction withdrawing negligence founded on the violation of the vigilant-watch ordinance. Gurney v. Southern Electric Co., 167 Mo. 595; Criss v. United Rys. Co., 183 Mo. App. 401; Conrad Grocer Co. v. Railroad Co., 89 Mo. App. 391; Breschner v. Railroad, 200 Mo. 310; Bunyan v. Citizens Ry. Co., 127 Mo. 12. (9) The court did not err in refusing the defendant's instruction withdrawing the issue

of negligence under the humanitarian doctrine or last-chance rule. Wilkinson v. Railway, 146 Mo. App. 711; Taylor v. Met. Street Ry. Co., 256 Mo. 191; Kinlien v. Railroad, 216 Mo. 145; Criss v. U. Rys. Co., 183 Mo. App. 392; Campbell v. Transit Co., 121 Mo. App. 406; Stewart v. Met. Street Ry. Co., 188 Mo. 198; Meng v. St. Ry. Co., 108 Mo. App. 553; Williams v. K. C. Ter. Ry. Co., 231 S. W. 954; Sethman v. Union Depot & Ter. R. R. Co., 203 Mo. App. 740; Stussy v. K. C. Ry., 228 S. W. 531; Schafstette v. St. L. M. R. Ry. Co., 175 Mo. 142; Linder v. St. Louis Transit Co., 103 Mo. App. 574; Hall v. Railroad, 124 Mo. App. 661; Freymark v. St. Louis Transit Co., 102 Mo. App. 657; Peterson v. Transit Co., 114 Mo. App. 374; Heintz v. Transit Co., 115 Mo. App. 667; Strauchon v. Railway Co., 232 Mo. 587; Draper v. K. C. Ry., 199 Mo. App. 485; St. Louis Carbonating Co. v. Ry. Company, 162 Mo. App. 18; Cytron v. St. Louis Transit Co., 205 Mo. 692; Hinzeman v. Railroad, 182 Mo. 611; Chappell v. United Railways, 174 Mo. App. 126; Smith v. Railways Co., 232 S. W. 261; Hill v. Railway, 233 S. W. 205; Hale v. Railway etc. Co., 230 S. W. 112; Albert v. Railways Co., 232 S. W. 793; Griggs v. Railway, 228 S. W. 508; Windle v. Railroad, 168 Mo. App. 596. (a) Defendant, by submitting the issue of negligence under the humanitarian or last-chance rule, cannot complain of the court refusing to withdraw the same issue. Johnson v. Springfield Traction Co., 176 Mo. App. 174; Monroe v. Chicago R. R. Co., 219 S. W. 68; Gardner v. Railroad, 223 Mo. 389; Mitchell v. Brown (Mo. App.), 190 S. W. 354.

BECKER, J.—Plaintiff below, in a suit for damages for personal injuries, recovered a judgment for $2000 against each of the defendants below. Each of the defendants in due course appeals.

The petition alleges in substance that plaintiff was riding in a delivery truck of the defendant, Kroger Grocery & Baking Company, upon which he was a helper

to load and unload same, and that about the 17th of December, 1918, while riding on said truck going southwardly across the eastbound street railway tracks of the defendant, United Railway Company of St. Louis, at Delmar avenue and Clarendon avenue, the truck upon which plaintiff was riding was by reason of the negligence of the chauffeur of the said defendant, Kroger Grocery & Baking Company, who was driving said truck, and by reason of the negligence of the motorman of the defendant, United Railways Company of St. Louis, controlling an eastbound street car, caused to collide with each other, whereby plaintiff was injured.

The negligence alleged against the defendant, United Railways Company of St. Louis, was: First, that said street car was running at a dangerous and excessive rate of speed under the circumstances; second, that said street car was running at a rate of speed in excess of fifteen miles per hour, which was prohibited by municipal ordinance; third, that the motorman of the street car violated the Vigilant Watch Ordinance; fourth, the humanitarian rule in that the motorman saw or could have seen the plaintiff and the truck upon which he was riding in sufficient time to have checked or stopped the street car and prevented the collision and the injuries to plaintiff.

The negligence alleged against defendant, Kroger Grocery & Baking Company, was that the chauffeur failed to keep a vigilant watch for street cars, and knew and saw, or could have known and seen, the approach of said street car in sufficient time to have stopped or checked the speed of the truck, or swerved its course, and have prevented the collision; second, that the chauffeur knew and saw, or could have seen, that said street car was approaching, in sufficient time for the chauffeur to have stopped or checked the truck, and prevented the collision; third, that the truck was being operated at a dangerous rate of speed, and at a rate of speed to imperil the life and limb of plaintiff.

The answer of Kroger Grocery & Baking Company was a general denial. The answer of the United Railways Company was a general denial, and a plea that plaintiff was guilty of contributory negligence in allowing himself to be driven toward a street railway track without looking or listening for approaching cars, and permitting himself to be driven into the side of a moving street car, and in failing to warn the driver of the truck in time to have avoided the collision; also that the driver of said automobile truck violated the city ordinance requiring vehicles in turning to the left on another street, to pass to the right of, and beyond the center of the intersecting street.

As to the assignments of error raised here by the defendant, United Railways Company of St. Louis. We are asked to rule that plaintiff was guilty of contributory negligence as a matter of law.

In considering this question we must keep in mind that negligence on the part of the chauffeur, if any, cannot be imputed to plaintiff. [Moon v. Transit Co., 237 Mo. 425, l. c. 435, 141 S. W. 870; Munger v. City of Sedalia, 66 Mo. App. 629; Hedge v. City of Kansas, 18 Mo. App. 62; Stotler v. Railway Co., 200 Mo. 107, l. c. 146, 98 S. W. 509; Becke v. Railway Co., 102 Mo. 544, 13 S. W. 1053; Sluder v. Transit Co., 189 Mo. l. c. 138, 88 S. W. 648.]

According to plaintiff's own testimony at ten o'clock on the morning of the day in question he, together with a man Tufts and a man named Mulderig, was engaged in hauling and delivering packages for the defendant, Kroger Grocery & Baking Company. They were using one of defendant's large trucks in their work, with Tufts doing the driving. The truck proceeded south along Clarendon avenue, distant about three feet from the west curb line thereof, and when the truck reached the building line at the intersection of Clarendon avenue with Delmar avenue it was going at a speed of four miles per hour. Plaintiff was seated in the center of the chauffeur's seat

at the front end of the truck with Tufts at the steering wheel at his left, and Mulderig seated at plaintiff's right.

Delmar avenue, which runs east and west, at the point in question is sixty feet wide and in the center thereof there are two sets of tracks of the defendant, Railways Company, which occupy approximately the center twenty feet of the street, which space, protected by a stone curbing, is utilized for the use of the cars of the Railways Company exclusively. Clarendon avenue stops at its intersection with Delmar avenue. The distance from the building line to the north rail of the eastbound track of the defendant Railways Company is thirty to thirty-five feet. When the truck in which plaintiff was seated arrived at the intersection of Delmar avenue and Clarendon avenue an eastbound car of the defendant Railways Company was then some three-hundred feet away and running fifteen miles per hour, according to plaintiff's own testimony. There was also a westbound car of the defendant Railways Company just starting up from a stopping place distant some sixty to one-hundred feet. At that time plaintiff said to the chauffeur: "Look out for the cars." And the chauffeur replied: "That's alright."

The truck continued due south at the rate of four miles per hour to cover the distance from the building line to the north rail of the eastbound track, which was from thirty to thirty-five feet, and continued at four miles per hour up to the time the right front wheel of the truck got onto the north rail of the eastbound track, when the eastbound car struck it; the truck was pushed some feet east and against a westbound car of the defendant Railways Company, which latter car the truck knocked off the tracks. The truck going at four miles per hour could have been stopped in the distance of from one to three feet.

When the front wheels of the truck were about eight feet from the north rail of the eastbound track plaintiff saw the eastbound car bearing down on them, about fif-

teen feet away and he "hollered 'look out for the car;' " whereupon the chauffeur threw out his clutch and put on his foot brake. Plaintiff further testified that when he "hollered 'look out for the car' it was too late. It was too late to even try to get out. I was trying to get out at the time."

On the cross-examination of plaintiff the following questions and answers appear: Q. "How far was the street car away when you attempted or thought of jumping out of the truck?" A. "About fifteen feet." Q. "About fifteen feet?" A. "Yes, sir." Q. "And the truck, as I understand, was about eight feet away?" A. "Yes, sir." Q. "From the street car?" A. "Yes, sir." Q. "When you thought of jumping out?" A. "Yes, sir."

In light of this testimony it cannot be ruled that plaintiff was guilty of contributory negligence as a matter of law. Having warned the chauffeur to look out for the cars and receiving the answer, "that's alright," plaintiff could thereby have been led to believe that the driver of the truck would exercise due care to avoid a collision with the on-coming street car, and since the truck at the rate of speed at which it was approaching the eastbound street car track could have been stopped within one to three feet, plaintiff was not made aware of the fact that a collision between the truck and the eastbound street car was impending until the truck had reached a place eight feet from the north rail of the eastbound track, at which time the on-coming car was fifteen feet from the truck. Plaintiff then again called to the chauffeur and while making an endeavor to get out of the truck the collision occurred.

In this state of the record it is for the jury to say, and not the court, whether the plaintiff, under all the facts and circumstances, exercised that care which an ordinarily prudent person would have exercised.

It is next urged that the court erred in refusing to give the jury the peremptory instruction to find for the

defendant, Railways Company, requested by it at the close of plaintiff's case and again at the close of the entire case, for the reason that plaintiff was not entitled to recover under any theory of negligence counted on in his petition.

In this connection it is seriously argued that the general rule in considering demurrers to the evidence which requires the court to view the testimony in its aspect most favorable to plaintiff does not apply to statements made by party plaintiff on the witness stand, where such statements are not as favorable to plaintiff's case as the statements of other witnesses. That any statement of a party plaintiff must be treated as an admission and as binding on plaintiff for the purposes of determining whether or not plaintiff has made out a prima-facie case. In support of this contention the following cases are cited: Cogan v. Railroad, 101 Mo. App. 179, l. c. 188, 73 S. W. 738; Steele v. Railroad, 265 Mo. 97, l. c. 110, 175 S. W. 177; Moses v. Klusmeyer, 194 Mo. App. 634, 640, 186 S. W. 958; Murray v. Transit Co., 176 Mo. l. c. 189, 75 S. W. 611; Behen v. Transit Co., 186 Mo. l. c. 439, 441, 442, 85 S. W. 346; Graefe v. Transit Co., 224 Mo. l. c. 264, 123 S. W. 835.

In the Steele case, supra, the plaintiff testified as a witness in his own behalf and swore to the existence of one or more facts and later on in the course of the trial he flatly contradicted himself with reference to the existence of such facts without offering any explanation for the discrepancy in his testimony. In the course of this opinion, in discussing the rule here sought to be invoked, our Supreme Court says: "We concede that ordinarily a party is not absolutely concluded by his testimony in a case where subsequently, upon some excuse of mistake, oversight, misunderstanding or lack of definite recollection, he denies the statements forming the admissions. But so long as the admissions made by the party-witness stand they are conclusive and the adversary side may absolutely rely upon them. This prima-facie conclusive-

ness is destroyed when the litigant corrects his mistake upon some honest and reasonable explanation.''

The general rule that a party plaintiff testifying in his own behalf as to the existence of a fact is absolutely concluded thereby, and that his adversary may with confidence rely upon the admissions made as conclusive as against the maker thereof, unless he makes a correction thereof giving some excuse of mistake, oversight, misunderstanding or lack of definite recollection, is not in our opinion intended to cover testimony of a party plaintiff which is but an expression of opinion of the witness, but can be applied only where the witness has testified to a fact. In other words, in a case such as we have before us the testimony of plaintiff, as a witness in his own behalf, as to the speed of the street car and the distance it was away from him at a given moment are but mere expressions of his opinion and mere conclusions on his part and not statements of fact, and being opinion evidence does not come within the rule here sought to be relied upon by appellant, Railways Company.

In light of our ruling expressed above we find there is testimony to the effect that the truck upon which plaintiff was riding was seen by the motorman of the said defendant's car when distant three-hundred feet, and there is testimony (by plaintiff's witness, Dilday) that the car was traveilng at the rate of fifteen to twenty miles an hour, and that the motorman made no effort to reduce the speed of his car until about one-hundred feet away from the point at which the collision occurred. It is conceded that a car of the defendant Railways Company was approaching Clarendon avenue coming from the east. That the chauffeur intended to drive over the tracks of the defendant company must have become apparent the moment his truck got onto the north rail of the said westbound track of the defendant company and in the path of the said approaching westbound car.

Viewing the testimony adduced in the light most favorable to plaintiff, and allowing him all the reasonable inferences to be drawn therefrom, we are of the

opinion and so hold that plaintiff was entitled to go to the jury upon his assignments of negligent speed under the common law, violation of the speed ordinance limiting the speed of street cars at the point in question in the city of St. Louis not to exceed fifteen miles per hour, and the assignment of violation of the Vigilant Watch Ordinance.

As to the alleged violation of the Vigilant Watch Ordinance we call attention to what our Supreme Court en Banc has recently ruled with reference to the Vigilant Watch Ordinance in the case of State of Missouri at the relation of Oscar Vogt v. Reynolds, et al., Judges, —— S. W. —— (not yet officially published). It was ruled therein that the Vigilant Watch Ordinance of the city of St. Louis requires a higher degree of care than is required of a motorman under the common law and that by the terms of said ordinance the same degree of care is required uniformly throughout all parts of said city, whereas the common law requires a greater care at certain places than at others. "The Vigilant Watch Ordinance requires the motorman to stop his car at the first appearance of danger within the shortest time and space possible. It requires the motorman *to anticipate* that those approaching the track will come within the danger zone and those within it will not seasonably leave it. Under the common law the motorman could assume that no intention exists in the mind of the parties approaching until the contrary appears. If he is already on the track, the motorman is permitted to assume that he will in due course get off of it upon timely signal, and no duty to stop the car or to check its speed rests upon the motorman until it is reasonably apparent that such assumption cannot be safely relied upon. [36 Cyc. 1517; Bunyan v. Citizens' Ry Co., 127 Mo. 12, l. c. 17, 29 S. W. 842; Petty v. St. Louis, etc., R. Co., 179 Mo. 666, l. c. 676, 78 S. W. 1003; Boyd v. Ry. Co., 105 Mo. 371, l. c. 381, 16 S. W. 909; Eckhard v. Transit Co., 190 Mo. 593, l. c. foot 618, 89 S. W. 602; Ross v. St. Ry. Co., 113 Mo. App. 600, l. c. 606, 88 S. W. 144.]"

It follows from what we have ruled above that the court properly overruled defendant's, Railway Company, demurrers to the evidence.

The record, however, discloses that the court refused an instruction requested by the defendant, Railways Company, that the plaintiff was not entitled to recover against the said defendant under its assignment of negligence predicated upon the humanitarian doctrine and withdrawing said assignment of negligence from the consideration of the jury. This is assigned as error.

The point is well taken. Under the evidence adduced, to submit plaintiff's case to the jury upon the humanitarian doctrine was submitting an issue for determination upon mere speculation and conjecture. The record is entirely silent as to what distance the street car was from the point at which the collision occurred at the time the truck entered the danger zone, unless it be that we accept as the point when the truck was about to enter the danger zone as being .the moment testified to by plaintiff when the truck was eight feet from the north rail of the eastbound track, when the street car was fifteen feet distant from the truck. And if, for the sake of argument, that be viewed as the time when the truck entered the danger zone, plaintiff has failed to make out a case on this assignment of negligence for. the only testimony in the record as to the speed of the car at that time is that of.the plaintiff himself to the effect that the car, when he first saw it some three-hundred feet distant, and right up to the time of the impact with the truck, was moving at the rate of fifteen miles per hour, at which speed, according to the testimony of plaintiff's own expert, the car could not have been stopped within a distance short of. forty-five feet.

Since the case, for the error noted, will have to be reversed and remanded as to this defendant, the other errors assigned by the defendant, Railways Company, need not be herein noted for in the event of another trial they are not likely to occur again.

We next take up the assignments of error set up by the other defendant, Kroger Grocery & Baking Company.

.We are satisfied after reading the record that the plaintiff and the driver. of the truck, together with a third man named Mulderig, were engaged in a common employment, namely, the hauling and delivering of packages for the said defendant, and that the plaintiff and the said driver Tufts were fellow-servants, and that therefore the defendant, Kroger Grocery & Baking Company, cannot be held liable to plaintiff for any injuries received through the negligence of such driver.

Our reading of the record does not disclose any evidence which by any construction can be said to even tend to show the relation of vice principal on the part of Tufts the chauffeur in charge of the truck. According to plaintiff's own statement Tufts was acting as a common member of the truck crew and his act in driving the truck was an act incident to his ordinary duties as a driver of said truck, and in no sense an exercise of any authority or control over either plaintiff or Mulderig. According to plaintiff's own testimony he was employed for the defendant, Kroger Grocery & Baking Company, by a man named Stoker who, had charge of their place of business and of the employees on the wagons and trucks; he also had the plaintiff, Mulderig, and Tufts, the driver of the truck in his charge. Plaintiff testified that his duties were the loading and unloading and looking after the goods that were on the truck. Q. "Now, the nature of your work, yours and Mr. Mulderig's and Mr. Tuft's was, generally, the receipt of goods at the place of business of the Kroger Company, loading it, attending it in transit, and delivery at different points throughout the city?" A. "Yes, sir."

Q. "Mr. Mulderig, I believe, was the oldest of the three?" A. "Yes, sir."

Q. "And, on that account, probably not as strong as the other two of you?" A. "Yes, sir."

Q. "Now, in lifting articles on the wagon, would you do that, or you in connection with Mr. Tufts—that is, where the articles happened to be of some weight?" A. "You mean when we were loading the truck?"

Q. "When you were leading or unloading, either?" A. "Well, yes; if it was too heavy for one man, we were supposed to help one another."

Q. "At least, I have understood from Mr. Tufts the plan was to allow the elderly gentleman to sit on the wagon and you younger men would do the carrying, to get the goods on the wagon and to take them off the wagon; is that the idea?" A. "Yes, sir."

Q. "Now, in addition to this work that you did together that way, as I understood you in your direct examination, Mr. Tufts operated and controlled the operation of the car?" A. "Yes, sir."

Q. "That is, he drove it?" A. "Yes, sir.'

. . .

Q. "As you crossed streets with cars—with tracks on them, what had you done in the way of looking for cars, and calling out about them?" A. "Well, in answer to that question, it was not all of the time that the helper was in the cab; sometimes he was on the rear end. Being two helpers on the truck, sometimes one man would be on the rear end and sometimes the other man would be on the rear end; but they always required that when the body was loaded, there would be one man on the rear end of the truck; so, consequently, if I would be at the rear end of the truck and it was loaded, I would know nothing about the front end conditions."

We have set out all of the testimony which appears in the record with reference to the character of plaintiff's employment and as stated above can come to no other conclusion but that plaintiff, Rowe, and the driver, Tufts, and the other helper, Mulderig, were at the time of the collision engaged in the common employment, namely, the hauling and delivering of packages, and that plaintiff was a fellow-servant to the said driver, Tufts.

It follows that the plaintiff therefore cannot recover

211 M. A.—35

for any injuries due to the said driver's negligence, and that the learned trial court erred in overruling the demurrer to the evidence of the said defendant, Kroger Grocery & Baking Company. [See McIntyre v. Tebbets, 257 Mo. 117, 167 S. W. 757, and cases therein cited.]

The judgment herein against the said defendant, Kroger Grocery & Baking Company, should be and the same is hereby ordered reversed; and the judgment as to the defendant, United Railways Company of St. Louis, is ordered reversed and the cause as to it remanded.

*Allen, P. J.,* and *Daues, J.,* concur.